OPINION OF THE COURT
Chief Judge Wachtler.
After a nonjury trial, both defendants were convicted of grand larceny in the second degree (Penal Law § 155.35), offering a false instrument for filing in the first degree (Penal Law § 175.35), and violating Tax Law, article 28, § 1145 (b). On appeal, the Appellate Division reversed, all of the convictions *335 and dismissed the indictment against the defendants on the ground that the People were not ready for trial within the time period mandated by CPL 30.30 (1), the “speedy trial statute”. The issue on this appeal is what actions the People must take to indicate “readiness” within the meaning of the statute and thus toll the running of the applicable time period.
In 1978, the State Tax Department began investigating the accuracy of quarterly sales tax returns being filed by defendant MacLeod’s Prescription Pharmacy, Inc. Work done by the Department’s Special Investigations Bureau eventually led to the indictment of MacLeod’s and its president, defendant Robert Kendzia, for grand larceny in»the second degree, offering a false instrument for filing in the first degree and violating Tax Law, article 28, § 1145 (b). The indictment was filed on September 17, 1980, which became the date the criminal actions commenced for purposes of CPL 30.30.
At the defendants’ arraignment on September 18, 1980, the court ordered the People to provide the defendants with copies of documents which had been subpoenaed from them by the Grand Jury. The defendants sought these documents in order to prepare pretrial motions, and therefore the court stated that the time up until the People returned the documents would not be charged to the defendants for purposes of the limitations period of the speedy trial statute. Some of the documents were turned over by the People on October 2, 1980, and the case was adjourned on that date for defendants’ omnibus motion. After receiving an extension of time in which to bring the motion, defendants served their papers on December 1, 1980, with a return date of December 22,1980. At some point after receiving the motion papers, the People spoke with the Niagara County Court Clerk about adjourning the return date and, over the objection of the defendants, the Court Clerk rescheduled the return date on the omnibus motion to January 28, 1981.
The motion was argued on January 28, 1981 and the court made oral rulings on the same day. It also appears that on that day, at an unrecorded conference in chambers, the court set a trial date of April 20,1981, with neither side objecting. On April 14,1981, the Assistant Attorney-General representing the People called defendants’ lawyer to request an adjournment of the trial date in light of a conflict he had with another trial. Defense counsel agreed to the adjournment as long as the time was charged to the People, and the trial date was subsequently rescheduled for May 26, 1981.
*336 In a letter sent on May 6, 1981 to defense counsel which discussed primarily compliance with court rulings as to discovery, the People stated “[W]e will be ready for trial on * * * May 26,1981”. On May 8,1981 the defendants moved to dismiss the indictment, asserting that the People had not complied with the requirements of CPL 30.30. The motion was returnable May 20, 1981,. but the People requested an adjournment and the return date was moved back to June 5,1981. On September 8,1981, the court denied defendants’ motion to dismiss, finding that only 94 days chargeable to the People had elapsed since the filing of the indictment. The court apparently excluded the period from January 28,1981 to April 20,1981 based on a trial date having been set on January 28 for April 20 without objection by the People.
Following the court’s decision, the Court Clerk set a new trial date for October 19, 1981. In early October, defendants chose to waive their right to a jury trial. Apparently on account of thi s waiver, the case was assigned to a new Judge and the trial date was adjourned into November. On November 16, 1981, defendants again moved to dismiss the indictment pursuant to CPL 30.30. On November 18, 1981, the trial began. In a decision dated March 8, 1982, the court found both defendants guilty of all of the counts of the indictment and, without discussion, denied defendants’ November 16 speedy trial motion.
 On appeal, the Appellate Division reversed the convictions and dismissed the indictment. In a unanimous decision, the court found that the People were not ready for trial within the meaning of CPL 30.30 (1) until November 18,1981 and that they had not demonstrated sufficient excludable time between September 17,1980 and November 18, 1981. We agree that the People were not ready for trial within the period established by CPL 30.30 (1) and thus affirm.
Because the indictment against the defendants included felony charges, the People were required to be “ready for trial” within six months of the commencement of the criminal action on September 17, 1980 (CPL 30.30 [1] [a]). The People assert that they made a sufficient statement of “readiness” on January 28, 1981, when a trial date was set without their objection, or, alternatively, on May 6,1981, when they stated in a letter that they would be ready on May 26, 1981. Defendants assert that the People never demonstrated that they were ready for trial until they answered “ready” on November 18,1981, the first day of the trial.
In People v Hamilton (46 NY2d 932), this court held that it was insufficient for the People to assert for the first time in an *337 affidavit submitted in opposition to a motion to dismiss, pursuant to CPL 30.30, that they had been ready to proceed at some earlier date. Rather, we stated that “the People must communicate readiness for trial to the court on the record when ready to proceed” (People v Hamilton, supra, p 933). We again rejected a subsequent assurance of prior readiness in People v Brothers (50 NY2d 413, 416), as there was “no record proof of any contemporaneous communication of * * * readiness [by the People]”. We also implicitly found in Brothers that the placement of a case on the “ready reserve” calendar without objection did not satisfy this requirement.
It is apparent from these cases that “ready for trial” in CPL 30.30 (1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk* or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record (cf. United States v New Buffalo Amusement Corp., 600 F2d 368, 373, n 6; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, p 151). As the prosecutor must make an affirmative representation of readiness (see, People v Santiago, 96 AD2d 720), he may not simply rely on the case being placed on a trial calendar.
The second requirement under the statute, as noted in Hamilton and Brothers, is that the prosecutor must make his statement of readiness when the People are in fact ready to proceed. The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.
Applying these principles to the present case shows that the People were not “ready for trial” until November 18, 1981, when they answered “ready” on the first day of the trial. The acquiescence to the setting of an April 20 trial date during an off-the-record conference on January 28 does not satisfy either of the two requirements. There is no evidence that the People, during that conference, made an affirmative representation on the record that they were then ready to proceed. Furthermore, the failure to object to the scheduling of a trial for some future date by itself demonstrates no more than an expectation of readiness as of that future date. While the People are not to be *338 penalized if court congestion causes a trial date to be set beyond the applicable time period of CPL 30.30 (see, People ex rel. Franklin v Warden, 31 NY2d 498, 501-504), they cannot take advantage of court congestion so as to ignore their own responsibility of being ready for trial on time (see, People v Brothers, 50 NY2d 413, 417-418, supra).
The May 6 letter is insufficient because it merely expressed an expectation of readiness as of May 26. To hold otherwise would effectively allow the People to satisfy the requirements of CPL 30.30, in a felony prosecution, by attaching a note to the indictment stating that the People will be ready for trial in six months. Approval of such a practice would, of course, create problems where, as occurred at least once here, the People’s expectation of readiness turned out to be overly optimistic (cf. People v O’Neal, 99 AD2d 844).
The defendants have shown that the People were not ready for trial until November 18, 1981, a date well over six months after the commencement of the criminal actions, and the People thus bear the burden of demonstrating sufficient excludable time (People v Berkowitz, 50 NY2d 333, 349). The People, however, have shown that 196 days at most can reasonably be excluded, due to defendants’ omnibus motion, speedy trial motions, and their trial on other charges during February 1981. Excluding this number of days from the period of time between September 17,1980 and November 18,1981 leaves well over six months chargeable to the People.
Accordingly, we affirm the orders of the Appellate Division reversing the convictions and dismissing the indictment. In light of our disposition on the speedy trial issue, we do not reach any other issues raised.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Orders affirmed.

 If the prosecutor’s statement of readiness in open court were made without defense counsel present, the prosecutor would have to promptly notify him of the statement of readiness (see, People v Cole, 90 AD2d 27).