THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MILLER, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised by defendant is meritorious. His sentence of 4 to 12 years' imprisonment was not excessive considering the nature of the crime and the age of the victim. The court properly denied defendant's motion to set aside the verdict because defendant failed to show that counsel did not advise him of the plea offer made prior to trial. The court properly received the sworn testimony of the infant witnesses, who were 9 and 11 years old at the time of trial. The decision whether to accept the sworn testimony of a child less than 12 years of age rests primarily with the Trial Judge and his decision will not be disturbed upon review unless clearly erroneous. In our view, the court did not err in determining that the infant witnesses understood the nature of an oath (see, CPL 60.20 [2]). Finally, we see no reason to disturb the suppression court's finding that defendant was not in custody when he gave his statement to the police. (Appeal from judgment of Ontario County Court, Houston, J.—sodomy, first degree.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant has failed to preserve his argument that the court erred in refusing to suppress the victim's in-court identification because the People failed to "present information" that the victim had viewed defendant after the robbery but before the photo array, and we decline to reach it in the interest of justice (CPL 470.15 [6] [a]). Nor was defendant denied his right to a speedy trial pursuant to CPL 30.30. The People announced readiness at arraignment and there is no proof that they were not actually ready for trial at that time (cf., People v Kendzia, 64 NY2d 331, 337-338). We cannot review the court's CPL article 440 order because defendant failed to obtain leave to appeal. (Appeal from judgment of Niagara County Court, Hannigan, J.—robbery, second degree.) Present—Dillon, P. J., Boomer, Pine, Davis and Lowery, JJ.