OPINION OF THE COURT
John P. Walsh, J.
On November 8, 1990, defendants were arraigned on the charges of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]), a class D felony, and criminal possession of a weapon in the fourth degree, a class A misdemeanor *19 (Penal Law § 265.01 [1]). These charges were reduced to one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), a class A misdemeanor, on January 17, 1991. Defendants move, pursuant to CPL 170.30 (1) (e), to dismiss the information on the ground that they have been denied a speedy trial in violation of CPL 30.30.
Pursuant to CPL 30.30 (5) (c), if an action is commenced with the filing of a felony complaint and is either replaced with or converted to a misdemeanor complaint or information charging a class A misdemeanor, the People must be ready for trial within 90 days from the filing of the new accusatory instrument or six months from the filing of the felony complaint, whichever period is shorter. In this case, the People are required to be ready within 90 days from the reduction of the charges on January 17, 1991. Once the defendants have alleged a delay of more than this permissible time, the People have the burden of demonstrating that the time is excludable. (People v Berkowitz, 50 NY2d 333 [1980]; People v Santos, 68 NY2d 859 [1986].)
The People advanced the pending felony complaint to January 17, 1991, so that they could dismiss the felony charge leaving only the misdemeanor. The defendants and counsel were not present. A corroborating affidavit and ballistics report were filed, thereby converting the instrument to an information. The court then adjourned the matter for the defendants and counsel to be notified to appear on January 31, 1991, so as to set a motion schedule. Subsequent to this date, an affidavit of service was filed indicating that the corroborating affidavit and ballistics report were mailed to defense counsel on January 18, 1991.
Service by mail is deemed effectuated five days from the date of mailing. (CPLR 2103 [b] [2]; People v Sanchez, 147 Misc 2d 457, 461 [Crim Ct, NY County 1990].) The People are therefore charged from January 17, 1991 to January 23, 1991 (six days).
The time period from January 23, 1991 to January 31, 1991, that is, the time from service on the defendants to the next court date is excluded. (See, People v Hayes, 141 Misc 2d 505 [Crim Ct, NY County 1988].)
On January 31, 1991, a motion schedule was set and the People were ordered to serve a copy of the search warrant and affidavit on defendants, so that they would be able to make a motion to controvert the search warrant. The case was then *20 adjourned to March 13, 1991, for the People’s response to motions and the court’s decision.
On March 13, 1991, it was determined that the warrant affidavit had not been turned over (it was determined to be in the possession of the United States Attorney) nor had any defense motions been filed. A new date to turn over the search warrant and affidavit was set together with a new motion schedule with the response and decision date of April 22, 1991. The defendants were excused for this return date.
On April 22, 1991, the warrant and affidavit were not available, no motions had been filed by the defense and defense counsel was not present. The court directed the People to contact the United States Attorney and directed that defense counsel be notified of the new adjourned date of May 1, 1991.
On May 1, 1991, the People filed the Federal search warrant and application. Since defense counsel was not present, the matter was adjourned to June 4, 1991, for defense counsel to appear. The court also indicated that the adjournment was also for “decision”. It should be noted, however, that no motions were, to this point, filed by the defense.
On June 4, 1991, defense counsel appeared and filed the instant motion to dismiss, thereby stopping the speedy trial clock.
Defendants argue that this adjournment period up to May 1, 1991, is chargeable to the People since the People did not file the search warrant until May 1, 1991. In contrast, the People argue that this adjournment is an excludable adjournment as the case was adjourned for motions.
A defendant is entitled to challenge a search warrant on the basis of there being no facial showing of probable cause or by alleging perjury on the part of the affiant. (See, Spinelli v United States, 393 US 410 [1969]; Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965].)
It is necessary, therefore, for the defense to obtain the warrant and supporting papers so as to effectively make such motions, if necessary. The method of obtaining such documents is through the provisions of article 240 of the Criminal Procedure Law (see, CPL 340.30), namely, a demand to produce. In this case, the court direction to the prosecutor to turn over the search warrant materials was the equivalent of a CPL 240.40 (1) (a) order.
Article 240 is not without a remedy. CPL 240.70 provides *21 for a range of sanctions to be applied in cases in which one side or the other fails to comply with any of the discovery provisions, which sanctions range from the granting of a continuance to outright exclusion.
With respect to the instant case, the issue is whether a defendant who has obtained court-ordered discovery and who has agreed to several motion schedules may argue that the CPL 30.30 speedy trial time restraints apply when the People fail to comply with court-ordered discovery requirements.
CPL 30.30 (4) (a) specifically excludes delays resulting from demands to produce as well as pretrial motions. It is not unreasonable for the People to conclude that at the very least, the time periods during which the defense agreed to file motions would be excludable under the statute. This is particularly the case in light of the defendants having at least one very viable ground for relief by motion, that is, a sanction pursuant to CPL 240.70.
In light of the court’s finding that the time periods during which the motion schedules were pending is excludable and therefore the time chargeable to the People is less than 90 days.
The defendants’ motion to dismiss is denied.