■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VIVIAN ANDERSON, Respondent. [647 NYS2d 737] —Order, Supreme Court, Bronx County (Eugene Oliver, Jr., J.), entered March 9, 1995, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously affirmed.

The motion court charged the People with 229 days of includable time, and they now raise two main arguments in support of a reversal. First, the court charged them with 49 days with respect to an adjournment from May 21, 1993 to July 9, 1993 on the grounds that there was no indication in the record that the People were ready for trial on the former date. However, contrary to that finding, the transcript provided indicates that the People did in fact declare their readiness on that date. Respondent claims that this adjournment was granted at the People's request in order to obtain a superseding indictment. While the record bears this out, such does not negate the People's assertion of readiness on the original indictment. As this Court recently noted under similar circumstances: "Neither the People's intention to file a superseding indictment nor their filing of such an indictment signifies a lack of readiness to proceed on the original indictment because * * * the People were 'technically positioned' to go to trial." (*People v Gutter*, 222 AD2d 330, 331, quoting *People v Cruz*, 111 AD2d 725, 725-726, *lv denied* 66 NY2d 614.) This period was therefore erroneously charged to the People.

The court also improperly charged the People with several five-day periods, pursuant to CPLR 2103 (b) (2), following their service of statements of readiness by mail. This CPLR provision has no application to the determination of the effective date of a statement of readiness. When such statements are made in the absence of defense counsel, they are deemed effective at the time of filing, so long as defense counsel is promptly notified (*see, People v Kendzia*, 64 NY2d 331, 337, n).

However, the People still exceeded the six-month statutory limit in this case. Speedy trial time began to run on January 22, 1993, when respondent was arraigned on the felony complaint in Criminal Court. The entire 66-day period between the commencement of the action and respondent's Supreme Court arraignment was includable since the period prior to the People's obtaining an indictment is chargeable to them, absent the applicability of some exclusion. Here, the People assert that this period is excludable because respondent had indicated her intent to testify before the Grand Jury, and the adjournments were made to accommodate such desire. However, the record does not indicate that the adjournment was solely for

such purpose, and indeed, the People had not completed presenting their case. Where there is no indication that the indictment was delayed at the behest of, or with the consent of, the defendant, the time is chargeable to the People (*People v Waring*, 206 AD2d 329, 331, *lv denied* 84 NY2d 940; *cf., People v Muhanimac*, 181 AD2d 464, *lv denied* 79 NY2d 1052). The time between the filing of the indictment and respondent's arraignment was properly included in this period (*People v Correa*, 77 NY2d 930).

The 18-day period between March 29 and April 16, 1993, the 28-day period between July 9 and August 6, 1993, and the 35-day period between December 10, 1993 and January 14, 1994, were chargeable to the People, since the People failed to provide a transcript for these dates, making it impossible to determine whether these periods represent excludable time (*People v Liotta*, 79 NY2d 841).

The entire 48-day period between January 14 and March 3, 1994 was also includable, since the People's statement of readiness, filed on January 25, 1994, had no effect on the adjournment already necessitated by their lack of readiness. Where the People answer not ready for trial, and the record is silent as to the length of adjournment sought by them, the entire period is chargeable to them despite the filing of a certificate of readiness in the intervening period (*see, People v Reid*, 214 AD2d 396, 397).

Since these includable periods total 195 days, exceeding the 182 days permitted in this case, the motion was properly granted. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Nardelli, JJ.