OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant has been indicted for criminal possession of a controlled substance in the third and fourth degrees and moves to dismiss the indictment pursuant to CPL 30.30 (1) (a). The defendant contends that he was arraigned on the indictment more than six months after the commencement of the criminal action and that the People’s prearraignment statement of readiness was not valid. The People oppose, conceding that they must be charged with the 182 days between the filing of the felony complaint and the filing of the indictment and the certificate of readiness. The People argue that the statement of readiness was valid and that the delay in arraigning the defendant is excludable postreadiness delay caused by the court.
The facts are simple and not in dispute. On August 26, 1996, the defendant was arraigned on a felony complaint. The indictment was filed on February 24, 1997, two days before the end of the six-month speedy trial period. The People filed a certificate of readiness with the indictment and mailed a copy to counsel. The case was on the calendar in Criminal Court the next day, February 25, 1997. The People served the notice of affirmative Grand Jury action but did not state their readiness on the record. The case was adjourned to March 12, 1997 for arraignment on the indictment in Supreme Court. The defendant was arraigned on March 12, 1997. He filed the motion to dismiss on March 14, 1997.
Contrary to the defendant’s first claim, a prearraignment statement of readiness is valid unless the indictment is filed too late for it to be possible for the court to arraign the defendant within the six-month period. (People v Goss, 87 NY2d 792, 797 [1996]; People v England, 84 NY2d 1 [1994].) In England, the People filed the indictment and the statement of readiness on the last day of the period. Because CPL 210.10 (2) requires that the court give an indicted defendant at least two days’ notice of the arraignment date, the People’s election to file the indictment on the last day of the period made "arraignment within the statutory period impossible”. (Supra, at 5.) Conse *978 quently, the People’s statement of readiness was found to be meaningless. (Supra.) In Goss and in its companion case, People v Avery, the People filed the indictments and the statements of readiness five days before the end of the statutory periods but the arraignments were scheduled after the periods had expired. These latter statements of readiness were effective because it was technically possible for the defendants to have been arraigned within the six-month periods. (People v Goss, supra, at 797.) The rule that emerges from England and Goss is that an indictment must be filed at least two days before the expiration of the six-month period for a statement of readiness filed with the indictment to be valid. This case meets that minimum standard.
The defendant next argues that a prearraignment statement of readiness is not effective unless the People take affirmative steps to try to ensure that the arraignment actually occurs within the six-month period. According to the defendant, the People must not only file an indictment and a certificate of readiness but must either attempt to advance the date of the Supreme Court arraignment or request, pursuant to CPL 210.10, that the court notify the defendant of an arraignment date within the statutory period. The Court of Appeals rejected a similar argument in Goss, holding that "[arraigning a defendant upon indictment is exclusively a court function” and that where "a felony complaint was previously filed in local criminal court, the Criminal Procedure Law imposes a nondelegable duty on the trial court to arraign the defendant.” (People v Goss, supra, at 797, 798.) This duty requires the court to notify the defendant of the arraignment date and to secure the defendant’s appearance. (Supra, at 797.) As Goss makes clear, it is the court and not the People who bear the responsibility for scheduling an arraignment once an indictment is filed. Therefore, the People need do no more than file the indictment at least two days before the end of the statutory period. As the People’s conduct in this case did not prevent the court from arraigning the defendant within the statutory period and they were otherwise ready to proceed to trial, the court’s delay in scheduling the arraignment is not attributable to the People.
Finally, the defendant argues that a statement of readiness is not effective until it is received by defense counsel and that, when served by mail, the statement is deemed to be received five days after it is postmarked. (See, People v Sanchez, 147 Misc 2d 457 [Crim Ct, NY County 1990] [ruling that the People would be charged with CPL 30.30 time until the corroborating *979 affidavit was served upon the defendant and that service was deemed complete five days after the affidavit was mailed]; People v Marte, 153 Misc 2d 18 [Crim Ct, NY County 1991] [adopting this rule].) Defendant argues, therefore, that the People’s statement of readiness was not made within the six-month period and was not made in time to permit the court to schedule the arraignment within that period because the certificate mailed to the defense on February 24, 1997 became effective on March 1, 1997, three days after the six-month period expired.
Regardless of the effective date of the People’s statement of readiness, the claim that service of the People’s statement of readiness by mail precluded the court from arraigning the defendant within the statutory period is specious. The indictment was filed with the court on February 24, 1997. This was the only action the People had to take before the court could schedule the arraignment. The People do not need to be ready for trial before the court may arraign a defendant on an indictment.
The defendant’s argument that a statement of readiness is not effective until it is received by the defense is also merit-less. Readiness must be communicated on the trial court’s record either by a statement of readiness in open court or by a written notice of readiness sent to the court clerk and to defense counsel. (People v Kendzia, 64 NY2d 331, 337 [1985].) In either case, the date on which the communication is made "objectively establishes the date on which [the People] can proceed and eliminates the need for a court to determine to whom adjournment delays should be charged.” (People v Smith, 82 NY2d 676, 678 [1993].) The two lower court cases relied on by the defendant were written before Smith clarified this issue, and will not be followed by this court. The defendant’s five-day rule is also inconsistent with Goss (supra), in which the statements of readiness were made in the identical manner as in this case — by filing a written notice with the court and mailing a copy of that notice to counsel. The Court of Appeals ruled that these statements were effective when made and filed with the court and excluded from the GPL 30.30 calculation the entire period from the statement of readiness to the arraignment on the indictment. Therefore, the statement of readiness in this case was effective on February 24, 1997 when it was made by filing the certificate of readiness with the court.
Accordingly, the entire period of time between February 24, 1997 and the March 12, 1997 arraignment is excluded as post- *980 readiness delay caused by the court. The People are charged with the 182 days of delay between the filing of the felony complaint and the filing of the indictment and statement of readiness. As the People were ready for trial within the six-month period and no period of postreadiness delay is charged to them, the motion is denied.