OPINION OF THE COURT
Thomas Farber, J.
Defendant moves to reargue an oral decision of this court denying a motion to dismiss for facial insufficiency and a motion to dismiss pursuant to CPL 30.30. The motion to reargue is granted and, upon reargument, I adhere to my original decision.
*40 Defendant is charged with two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). The People allege that defendant left her two children, ages 10 and 3 years, unsupervised in a car on a Brooklyn street for a period in excess of two hours.
Background
Defendant was initially charged by misdemeanor complaint filed on April 30, 1997. The misdemeanor complaint, sworn to by an Assistant District Attorney, was based on information supplied by four informants: Nigel Cruickshank, Kevin Wright, Police Officer Peter Ieraci and Geraldine Harris. According to the misdemeanor complaint, at approximately 12:15 p.m. on April 29, 1997, Nigel Cruickshank observed a child who appeared to be about 10 years old sitting in a parked car. Approximately an hour later, Kevin Wright observed two children sitting by themselves in the same parked car. Then at 3:00 p.m., Officer Ieraci observed the two children sitting by themselves in the same car, and spent 20 minutes looking for defendant, where he found her at a nearby school. Nigel Cruickshank also stated that he did not observe any adults, other than Mr. Wright and Officer Ieraci, approach the car during the period between 12:15 p.m. and 3:00 p.m. Defendant told Officer Ieraci that the children were her children and that she had left them alone for “a little while” and had just checked on them. Geraldine Harris, an Administration for Children’s Services caseworker, supplied the children’s dates of births: April 22, 1994 and August 13, 1996 — a necessary element for the endangering charge. (Penal Law § 260.10 [1].)
On April 30, 1997, defendant was arraigned on the misdemeanor complaint. The complaint was then adjourned to May 27, 1997 for conversion to an information. On May 27, 1997, the People still had no corroborating affidavits and the case was adjourned to June 4, 1997. On June 4, 1997, the People filed the single corroborating affidavit of Kevin Wright, who additionally swore that the children he observed in the car appeared to be approximately 10 and 3 years old. The People did not file the remaining three corroborating affidavits, and the case was adjourned to June 25, 1997. On June 25, 1997, there were again no corroborating affidavits, and the case was adjourned to July 30, 1997, a date that was past the 90-day period provided by CPL 30.30 (1) (b).
On Friday, July 25, 1997, the 86th day following defendant’s arraignment on the misdemeanor complaint, the People filed a *41 superseding information, together with corroborating affidavits and a statement of readiness. The superseding information was redrafted to eliminate the information provided by Nigel Cruickshank and Geraldine Harris. Instead it relied on defendant’s own statement that she left her two minor children unattended in a vehicle at 1300 East 95th Street at approximately 1:00 p.m.; the corroborated statement of Kevin Wright from the first complaint that at approximately 1:00 p.m. he observed two children approximately 10 and 3 alone and unattended in a car at the above location; and Officer Ieraci’s sworn statement that he observed the defendant’s two children (who appeared to be about 10 and 3 years old) at 3:00 p.m. alone and unsupervised in the vehicle, and that Officer Ieraci then searched for defendant for 20 minutes before locating her.
According to the affirmation of Assistant District Attorney Jacqueline Kagan, the statement of readiness and the corroborating affidavits were then placed in the District Attorney’s outgoing mailbox to be mailed certified mail to defendant. The postmark on the envelope indicates that it was in fact not stamped by the United States Post Office until the following Monday, July 28, 1997. The mailing, however, never reached defense counsel, since the People inadvertently mailed it to 113 Newkirk Avenue, instead of defense counsel’s correct address: 1113 Newkirk Avenue.
On July 30, 1997, when the case again appeared on the AP-2B Calendar, defense counsel “rejected” the People’s statement of readiness, claiming never to have received it. The misaddressed envelope was returned to the People on August 1, 1997.
Defendant’s Arguments
Defendant argues that the complaint is facially insufficient. Specifically, defendant argues that the nonhearsay allegations do not make out endangering the welfare of a child, since they do not show a continuous period of several hours in which the defendant left her children in the car unattended.[1]
Defendant also argues that the statement of readiness was not effective when it was filed, but only after it was served. Defendant argues that even had the statement of readiness and corroborating affidavits been served to the correct address, the *42 People should still be charged an additional five days because the affidavits and statement of readiness were served by mail. (CPLR 2103 [b] [2]; see, e.g., People v Marte, 153 Misc 2d 18 [Crim Ct, NY County 1991].) In addition, defendant argues that the statement of readiness was never effective, since the papers were served by mail to the wrong address. For the reasons set forth below, I find the information sufficient and reject defendant’s arguments pursuant to CPL 30.30.
Legal Sufficiency
Over the past few years the Criminal Court has seen a flood of cases charging endangering the welfare of a child for leaving children of various ages “home alone.”[2] These cases range in severity from infants left unattended for hours while crack-addicted parents buy drugs, to 11-year-old children left for a brief period while a single, working parent buys groceries. I have dismissed several of the latter “home alone”-type allegations where the ages of the children and the period of time left alone were similar to those alleged in the instant case. Indeed, other courts have found that leaving six- and seven-year-old children home alone for several hours, while not necessarily good parenting, is not a crime within the meaning of Penal Law § 260.10. (See, e.g., People v Seward, 173 Misc 2d 1020 [Mt. Vernon City Ct 1997] [six-year-old child left alone at night for an hour]; People v Mantley, NYLJ, June 2, 1994, at 30, col 4 [Crim Ct, Richmond County] [seven-year-old child left alone].)[3] It is not, as these courts have recognized, a Judge’s job to legislate good parenting skills, however much we may disagree with the way a parent raises his or her children. Nor should, we forget that we are dealing with the criminal sanction, and the serious consequences that flow from it.
In enacting Penal Law § 260.10 (1), however, the Legislature enacted a broad statute, proscribing more than acts causing *43 actual harm. (See, People v Doe, 137 Misc 2d 582 [Sup Ct, NY County 1987] [comparing current statute with Penal Law former § 483 which did require actual harm].) What is required is that a person “knowingly act * * * in a manner likely to be injurious to the physical, mental or moral welfare of a child”. While I could find no cases on point, it seems to me that there is a difference between leaving children home alone for a short period of time, and leaving children exposed in a car on a New York City street for a period of two to three hours. While I recognize that this is a close case, if the People are successful in proving that this is what the defendant did, then I cannot say that a jury could not find that defendant endangered her children within the meaning of Penal Law § 260.10.[4]
This still leaves open the question of whether the People have, without the corroborating affidavit of Nigel Cruikshank, met the requirements of CPL 100.40 (1) (c) that “[n]on-hearsay allegations of the factual part of the information and/or supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” The corroborated allegations in the superseding information allege that the defendant left her two minor children, ages 10 and 3, in a car at 1:00 p.m. (defendant’s own statement and affidavit of Kevin Wright). At 3:00 p.m. a police officer saw the children in the car at the same location. The officer searched for the defendant for 20 minutes before locating her at 3:20 p.m. While the People have not set forth allegations which would negate the (remote) possibility that the defendant came back a short time later, joined her children and then left them again at 3:00 p.m., nor the (not as remote) possibility that defendant did occasionally check on the children, the People have provided circumstantial facts sufficient for me to find “reasonable cause to believe” that the defendant did in fact leave the children for an extended period of time alone, in a car, on a New York City street. It may well be difficult for the People to prove guilt beyond a reasonable doubt, but that is a matter for the trier of fact.
*44 Motion Pursuant to CPL 30.30
Defendant argues that the People were not ready for trial within the 90-day period provided by CPL 30.30 (1) (b). Defendant first argues that CPLR 2103 (b) (2)[5] applies, and that tacking on an extra five days to the 86 days that elapsed prior to the service of the statement of readiness puts the People over the 90-day period. (CPL 30.30 [1] [a].) While defendant correctly notes that a few lower courts have so held,[6] recent cases have rejected the application of CPLR 2103 (b) (2) to statements of readiness. (People v Anderson, 231 AD2d 459 [1st Dept 1996]; People v Perre, 172 Misc 2d 976 [Sup Ct, NY County 1997] [Rothwax, J.].)
As People v Kendzia (64 NY2d 331 [1985]) and its progeny make clear, a statement of readiness may be made either in open court on the record or by filing with the court and serving upon counsel a statement of readiness. It is the filing of the statement, not service, that is critical, and all that is required is “prompt” notice to defense counsel. (Supra, at 337, n.) Thus, the CPLR provision relating to service is irrelevant. As the Court stated in People v Anderson: “This CPLR provision [2103 (b) (2)] has no application to the determination of the effective date of a statement of readiness. When such statements are made in the absence of defense counsel, they are deemed effective at the time of filing, so long as defense counsel is promptly notified” (231 AD2d, at 459, supra, citing People v Kendzia, 64 NY2d, at 337, n; see also, People v Perre, 172 Misc 2d, at 979, supra [rejecting the argument made here as “meritless”]).[7]
Defendant next argues that even if service were effective upon mailing, the statement of readiness was in fact not *45 mailed, since it was misaddressed and therefore not received. Defendant argues that this court, in its oral decision, applied a “good faith exception” that has never been accepted by the courts. The critical point, however, is not the good faith of the People, but rather that it is the filing of the statement, not the service of the statement, that “objectively establishes the date on which [the People] can proceed” (People v Smith, 82 NY2d 676, 678 [1993]). Here, defendant did in fact get prompt actual notice of readiness, since the People announced ready in open court five days after the statement was filed, even though it had been misdirected in the mail. Accordingly, the People were ready on July 25, 1997 when they filed with the court a statement of readiness. Since this was the 86th day, the CPL 30.30 time had not elapsed. (CPL 30.30 [1] [b].) Upon reargument, therefore, I adhere to my original decision.

. Defendant apparently concedes that had the People been able to get the affidavit of Nigel Cruickshank, who stated that defendant did not return between 12:15 p.m. and 3:00 p.m., this would have made out a legally sufficient information.

. Part AP-2B currently handles all the misdemeanor “crimes against children” cases in Kings County. There are over 200 such cases pending currently, a substantial number of which allege “home alone”-type allegations.

. Defendant does not raise the argument that the allegations that the children “appeared to be” 10 and 3 is not sufficient. While the age of a child is something that must be sworn to by someone with knowledge, the approximate age of a child is something that a layperson can estimate with a reasonable degree of accuracy. Clearly if the precise age mattered, then the “appeared to be” language would be insufficient. In the instant context, however, even if the estimate were off by a year or two, it would not affect the result here. It is always preferable, however, to get a certified birth certificate or provide the affidavit of someone with knowledge.

. None of this, of course, should be read to say that the People will ultimately be able to prove that the defendant “knowingly” acted in a manner that endangered her children. Nor do I necessarily believe that it is a wise decision to seek criminal sanctions in a case such as this, where the defendant has been steadily employed for the past 20 years as a teacher with the Board of Education, has no criminal record, and apparently no record with the Administration for Children’s Services.

. CPLR 2103 (b) (2) provides, in pertinent part, that “service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period”.

. See, People v Marte, 153 Misc 2d 18 (Crim Ct, NY County 1991), supra; People v Sanchez, 147 Misc 2d 457 (Crim Ct, NY County 1990).

. It could be argued that Anderson and Perre (supra) are distinguishable because they deal with indictments rather than criminal court informations. Arguably, while a statement of readiness is deemed effective upon filing, the corroborating affidavits necessary to convert the docket to an information are effective only upon service. Following this reasoning, then, the statement of readiness when filed would not be effective, since the People could not be ready for trial on an unconverted docket. There is nothing in the case law, however, that would suggest that this is a viable distinction. Indeed, the court in Perre clearly rejected the holdings in Marte and Sanchez (supra), declining to make the distinction noted above. (People v Perre, 172 Misc 2d, at 979.)