(July 16, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VIVIAN ANDERSON, Respondent. [676 NYS2d 549] —Order, Supreme Court, Bronx County (Eugene Oliver, Jr., J.), entered March 9, 1995, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law, and the indictment reinstated.

CPL 30.30 requires the People to bring a felony prosecution to trial within six months, or in this case 182 days. Speedy trial time began to run on January 22, 1993, when defendant was arraigned on the felony complaint in Criminal Court. The motion court charged the People with 229 days of includable time, and they now raise several arguments in support of a reversal.

First, the court charged them with 49 days with respect to an adjournment from May 21, 1993 to July 9, 1993, on the ground that there was no indication in the record that the People were ready for trial on the former date. However, contrary to that finding, the transcript provided indicates that the People did, in fact, declare their readiness on that date. Defendant claims that this adjournment was granted at the People's

request in order to obtain a superseding indictment. While the record bears this out, such does not negate the People's assertion of readiness on the original indictment. As this Court recently noted under similar circumstances: "Neither the People's intention to file a superseding indictment nor their filing of such an indictment signifies a lack of readiness to proceed on the original indictment because * * * the People were 'technically positioned' to go to trial." (*People v Gutter*, 222 AD2d 330, 331, quoting *People v Cruz*, 111 AD2d 725, 726, *lv denied* 66 NY2d 614.) This period was therefore erroneously charged to the People.

The court also improperly charged the People with several five-day periods, pursuant to CPLR 2103 (b) (2), following their service of statements of readiness by mail. This CPLR provision has no application to the determination of the effective date of a statement of readiness. When such statements are made in the absence of defense counsel, they are deemed effective at the time of filing, so long as defense counsel is promptly notified (*see, People v Kendzia*, 64 NY2d 331, 337).

The entire 66-day period between the commencement of the action and defendant's Supreme Court arraignment was includable, since the period prior to the People's obtaining an indictment is chargeable to them, absent the applicability of some exclusion. Here, the People assert that this period is excludable because defendant had indicated her intent to testify before the Grand Jury, and the adjournments were made to accommodate such desire. However, the record does not indicate that the adjournment was solely for such purpose, and, indeed, the People had not completed presenting their case. Where there is no indication that the indictment was delayed at the behest of, or with the consent of, the defendant, the time is chargeable to the People (*People v Waring*, 206 AD2d 329, 331, *lv denied* 84 NY2d 940; *cf., People v Muhanimac*, 181 AD2d 464, *lv denied* 79 NY2d 1052). The time between the filing of the indictment and defendant's arraignment was properly included in this period (*People v Correa*, 77 NY2d 930).

The 18-day period between March 29 and April 16, 1993, the 28-day period between July 9 and August 6, 1993, and the 35-day period between December 10, 1993 and January 14, 1994 were chargeable to the People, since the issue of excludability cannot be resolved on the basis of the motion papers and the People failed to provide a transcript for these dates, making it impossible to determine whether these periods represent excludable time (*People v Liotta*, 79 NY2d 841).

However, the court erred in charging the entire 48-day pe-

riod between January 14 and March 3, 1994 to the People. Since the People's statement of readiness was filed on January 25, 1994, only the 11 days between January 14 and January 25 are includable (*People v Stirrup*, 91 NY2d 434).

The People concede that the court properly charged them with the seven days from April 11, 1994 to the filing of their notice of readiness on April 18, 1994.

The court erroneously deemed includable the entire 47-day period from May 5, 1994 to June 21, 1994. On May 5, the People were not ready for trial. They requested an adjournment until May 13, but the court adjourned the trial to June 21. The People then filed a notice of readiness on May 10. Nonetheless, because the Assistant District Attorney (ADA) subsequently informed the court that he would be on vacation between May 16 and May 19, the court found the People's notice of readiness to be illusory, and charged the entire 47 days to them. However, the unavailability of a particular ADA does not render the People's announcement of readiness ineffective, because another prosecutor could have tried the case (*People v Ali*, 209 AD2d 227, *lv denied* 85 NY2d 905). Therefore, the court should have charged only the eight days requested by the People (*People v Stirrup*, 91 NY2d 434, *supra*).

The People also concede one day between the scheduled trial date of June 21, 1994 and the filing of their notice of readiness on the following day, and, for the same reasons, concede two days between July 25, 1994 and July 27, 1994. For each of these periods, the court erred in charging the People with an extra five days for service by mail.

Finally, the entire time period between August 9, 1994 and August 29, 1994, which the court charged to the People, should have been excluded as attributable to the court's consideration of defendant's *Huntley* motion, regardless of whether the People would have been ready for trial within that interval (*People v McCray*, 238 AD2d 442, *lv denied* 90 NY2d 895). As the above totals only 176 days, the indictment should be reinstated.

Motion for reargument granted, and upon reargument, the decision and order of this Court entered on September 24, 1996 (231 AD2d 459) is recalled and vacated and a new decision and order substituted therefor. Concur—Sullivan, J. P., Rosenberger, Nardelli and Wallach, JJ.