OPINION OF THE COURT
Charles A. Posner, J.
At what point does the People’s failure to give notice of their *382 off-calendar filing of a statement of readiness amount to the deprivation of a defendant’s statutory right to a speedy trial? The defendant, James Todd, moves for an order of this court dismissing the within information on the ground of his denial of a right to a speedy trial pursuant to CPL 30.30. In a case of apparent first impression, this court is called upon to decide whether a 27-day lapse between the People’s off-calendar filing of a statement of readiness for trial and its service upon defense counsel satisfies the elements of “ready for trial” mandated by the Court of Appeals in People v Kendzia (64 NY2d 331 [1985]). While acknowledging that there is no requirement of immediate notice to defense counsel following an off-calendar filing and that the “prompt notification” standard set forth in Kendzia (supra) has never been quantified, this court is of the opinion that a 27-day lapse between these actions is far in excess of what is sanctioned by statute or case law. In addition, this court is asked to consider whether the absence of defense counsel’s notice of appearance (as required by 22 NYCRR 200.5) from the court papers would attenuate the People’s obligation to promptly notify the defendant of their off-calendar filing of a statement of readiness for trial. This court holds that under the facts and circumstances of this case, where defense counsel made three court appearances prior to the filing of the statement of readiness, the absence of the notice of appearance is immaterial.
The motion arises from the following facts and procedural history. The defendant was arrested on December 24, 1998 and charged with Vehicle and Traffic Law § 1192 (1) (driving while ability impaired by alcohol); § 1192 (2) (driving while intoxicated — per se); and § 1192 (3) (driving while intoxicated — common law). The factual allegations in the original complaint filed and dated December 25, 1998 set forth in pertinent part that the deponent (the arresting officer) was informed by Cadet Luckner that Luckner had observed the defendant driving a 1992 Cadillac which collided with the 1995 Honda that Luckner was driving. In addition, the complaint alleged that the defendant had the odor of alcohol on his breath and that the defendant submitted to a blood alcohol test with a result of .19% blood alcohol content.
Defense counsel appeared at the defendant’s arraignment on December 25, 1998 and alleges to have filed a notice of appearance at that time. The notice of appearance is missing from the court papers. 22 NYCRR 200.5 sets forth that: “Each attorney appearing in a criminal action is required to file a written no *383 tice of appearance on or before the time of the attorney’s first appearance in court or not later than 10 days after appointment or retainer, whichever is sooner. The notice shall contain the attorney’s name, office address and telephone number, the name of the person on whose behalf he or she is appearing, and the identification number of the accusatory instrument or instruments by which such person is charged.” The defense counsel represented on the record that he did appear at the arraignment and file a notice. It should be noted that the People did not present any facts showing otherwise. Following the arraignment the case was adjourned to January 20, 1999 for conversion (26 days chargeable to the People).
On January 20, 1999 the People did not have their file in court and the case was adjourned to February 18, 1999 (29 days chargeable to the People for an aggregate of 55 chargeable days). On February 18, 1999 the People served and filed the chemical test analysis certificate as well as the IDTU and IDE documents but failed to serve the corroborating affidavit from Cadet Luckner. Accordingly, the complaint remained unconverted. The case was then adjourned to March 29, 1999.
On March 2, 1999 the People filed off-calendar a superceding information and a statement of readiness for trial. The superceding information omitted any reference to Cadet Luckner, the informant in the original complaint who had allegedly observed the defendant driving the 1992 Cadillac that collided with Luckner’s 1995 Honda. Instead, the superceding information set forth that the deponent/arresting officer observed the 1992 Cadillac (the defendant’s car) to be damaged and the front of a 1995 Honda to be damaged. This was apparently done to eliminate the need for a supporting deposition from Luckner. In addition, the factual allegations in the superceding information set forth that the deponent was informed by the defendant’s own statements that the defendant was driving the above-mentioned Cadillac and that the defendant was involved in an accident with the above-mentioned Honda vehicle. The superceding information also set forth that the defendant submitted to a blood alcohol test-with a result of .19% alcohol content. Attached to the superceding information was a copy of a certified chemical test analysis which indicated that the defendant had in fact registered a .19% blood alcohol level on the breathalyzer test. In addition, the People filed a statement of readiness for trial which indicated that it had been “served on defense by mail” on March 2, 1999, the same date that it was filed with the court. The statement of readiness did *384 not identify the “defense” and did not include the address to which the statement of readiness was sent. It should be noted that on March 29, 1999 in open court the People conceded that they never mailed the notice to the defendant, contrary to what was indicated on the statement of readiness.
The defendant argues that the March 2, 1999 filing did not constitute a valid and effective statement of readiness because defense counsel was not served with copies of the superceding information until the next court date on March 29, 1999. The defendant contends that the fact that the People waited to serve him with a copy of the superceding complaint and statement of readiness for trial until 27 days after these documents were filed off-calendar fails to meet the requirements of People v Kendzia (64 NY2d 331 [1985], supra). If the March 2, 1999 off-calendar filing of the superceding information and written statement of readiness constituted a valid and effective statement of readiness for trial, then the People would be charged from February 18 up through March 2, 1999 (12 days for an aggregate total of 67 chargeable days), and accordingly would have been ready for trial within the 90 days mandated by CPL 30.30 (1) (b). On the other hand, if the People were not truly ready for trial until the March 29, 1999 in-court service of the superceding information and written statement of readiness for trial upon the defendant, then the People would be charged from February 18 through March 29, 1999 for an aggregate total of 94 chargeable days and accordingly the defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) would be granted.
Under People v Kendzia (64 NY2d 331 [1985], supra), an indication of “ready for trial” within the meaning of CPL 30.30 (1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court transcribed by the stenographer, or recorded by the clerk; or a written notice of readiness sent by the prosecutor to both defense counsel and the court clerk, to be placed in the original record. Second, the prosecutor must make his statement of readiness when the People are in fact ready to proceed. If an in-court statement of readiness was made, and if the defendant was thereafter “promptly notified” of that statement, then Kendzia holds that under People v Cole (90 AD2d 27) readiness was “effectively communicated” when placed upon the record, even though the defense counsel was not then present.
*385 In the instant case, the People filed a written statement of readiness along with a superceding information with the clerk of the court on March 2, 1999 but concede that they never mailed these documents to defense counsel. The People admit that they did not serve the statement of readiness for trial or the superceding information until the March 29, 1999 court appearance but argue that under Kendzia (supra) there is no strict requirement of immediate notice to defense counsel. This court finds however that a lapse of 27 days between the filing of the statement of readiness for trial and its service upon defense counsel is unacceptable.
In People v Cenat (176 Misc 2d 39 [Crim Ct, Kings County 1997]), the People mailed but misaddressed a statement of readiness for trial to defense counsel immediately after it was filed off-calendar. Five days later, the People announced their readiness in open court. The court held that the People made an effective statement of readiness for trial on the day the statement was filed. In Cole (supra), the Third Department held effective a statement of readiness to the court, stenographically recorded in the County Court Judge’s absence, which was followed three days later by a written notice sent to defendant. (See also, People v Diener, 153 Misc 2d 963 [Greene County Ct 1992].)
While this court can find no cases on point regarding a delay of 27 days in serving notice on the defendant, I nonetheless hold that notice to the defendant is so integral to the progression towards trial that the failure to inform the defendant of the filing of the statement of readiness in a timely fashion in this case is a deprivation of the statutory right to a speedy trial (see, CPL 30.30). The two-prong requirement of Kendzia (supra) is clearly violated by the People’s failure to even attempt to communicate their readiness in the interim between the off-calendar filing on March 2nd and the next court appearance on March 29th. Accordingly, the defendant’s motion to dismiss the information pursuant to CPL 30.30 (1) (b) is granted.