OPINION OF THE COURT
William E. Garnett, J.
The defendant moves to dismiss the charges of endangering the welfare of a child (Penal Law § 260.10 [1]) and harassment in the second degree (Penal Law § 240.26 [1]) for the failure of the People to have afforded him a speedy trial pursuant to CPL 30.30.
Inasmuch as the defendant is charged with a misdemeanor with a maximum penalty of up to one year in jail, the applicable speedy trial period is 90 days. (CPL 30.30 [1] [b].)
*819 Once the defendant alleges that the People have exceeded their statutory speedy trial time, the People must demonstrate that the disputed adjournments are excludable by reference to a statutory provision. (People v Berkowitz, 50 NY2d 333 [1980].) The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged. (People v Liotta, 79 NY2d 841 [1992].)
Finally, the People argue that by filing a certificate of trial readiness with the Clerk of the Court on June 23, 2000,. they are only chargeable with delay up to that date.
Apparently, in an attempt to avoid being charged with additional delay after the June 19th adjournment, the People filed a certificate of trial readiness with the Clerk of the Court. The People have conceded that they did not mail the document to the defendant or promptly notify defense counsel. In fact, the People did not serve the defendant with the document until the next adjourned date, five days later, on June 28, 2000.
A statement of readiness may be made by the prosecutor on the record in open court or by filing with the court and serving upon defense counsel a written notice of trial readiness. (People v Kendzia, 64 NY2d 331, 337.) “When such statements [of readiness] are made in the absence of defense counsel, they are deemed effective at the time of filing, so long as defense counsel is promptly notified.” (People v Anderson, 231 AD2d 459 [1st Dept 1996], opn recalled, vacated on reargument and superseded by 252 AD2d 399, 400 [1st Dept 1998]; People v Kendzia, supra, at 337, n.)
In this case, the defense was not notified of the statement of trial readiness until June 28, 2000. Thus, it did not become effective until that date. (People v Todd, 184 Misc 2d 381 [Crim Ct, Kings County 2000].) The prosecutor made no attempt whatsoever to notify defense counsel. Consequently, the People’s certificate of trial readiness was ineffective to toll the running of the speedy trial statute. Thus, the People are chargeable with the delay from June 19th to June 28th.
The prosecution has cited People v Cenat (176 Misc 2d 39 [Crim Ct, Kings County 1997]) for the proposition that its service of the certificate of trial readiness on the defense on June 28th was sufficient to render it effective as of its service on the court clerk on June 23rd. The court in Cenat ruled that service in court, five days after service on the court, was prompt notification pursuant to the requirements of People v Kendzia (supra), and that the statement of trial readiness was therefore effective on the date of service on the court.
*820 This case law is merely persuasive and not binding on this court as it is a ruling of a court of coordinate jurisdiction. This court declines to follow the ruling in Cenat (supra), as I find the rationale inconsistent with the Court of Appeals decision in People v Kendzia (supra). Further, the Cenat court’s test for promptness does not provide a practical and objective standard easy of application. In fact, the court’s reasoning would introduce uncertainty and invite varying and subjective analyses of the promptness issue.
In this court’s judgment, the requirement that the District Attorney promptly notify the defense of its trial readiness has a threefold purpose. First, it gives some assurance that the prosecution believes in good faith that it is ready to proceed to trial. Second, it insures that the declaration is made to the court and defense as contemporaneously as possible to closely mirror a declaration made in open court in the presence of the defense. Finally, prompt notification of the People’s state of trial readiness allows the defense to prepare to proceed without further delay on the next scheduled trial date.
The alternate means of communicating trial readiness countenanced in Kendzia (supra) has introduced a potential for mischief in statements of trial readiness. The potential for even greater problems would be created by the adoption of the rule suggested in Cenat (supra). For example, a prosecutor, fearing imminent dismissal of a case, could, after a chargeable adjournment, simply interpose a statement of trial readiness in the hope that on the next trial date, he or she would actually be ready to proceed. If the prosecutor was actually ready on the next date, the prosecution would serve the earlier filed statement on the defense thereby excluding the entire period during which the prosecution was, in actuality, not ready to proceed. At least with a prompt notification, the defense is able to focus on the good faith of the prosecution and could request that the matter be advanced for a prompt and speedy trial. Simply allowing the prosecutor to serve the statement on the next adjourned date enhances the possibility that an unscrupulous prosecutor would improperly use a statement of trial readiness to defeat a defendant’s statutory right to a speedy trial. The potential for manipulation is thus increased.
Finally, as earlier noted, allowing the prosecution to serve the statement on the next trial date introduces more uncertainty into the already uncertain world of speedy trial litigation.
In this case, the court does not have to suggest or impose a standard to judge the promptness of the prosecution’s notifica *821 tion of its readiness, for the prosecutor did absolutely nothing to inform the defense that it was ready on June 23rd. However, a reading of Kendzia (supra) suggests that the notification must be made as soon as possible to satisfy the promptness requirement. Waiting until the next court date does not satisfy this requirement.
If subsequent service in court were permissible, then the viability of the People’s statement would be dependent upon the length of the next adjournment. Would six days, seven days, etc., be satisfactory to satisfy the requirement that the defense be promptly notified? This subjective exercise would simply be inconsistent with the rationale that a statement of trial readiness should be, at least, the rough equivalent of a statement of trial readiness in open court. When the statement is made in court, the defense is simultaneously informed. The Court of Appeals in Kendzia (supra) endorsed an alternate mechanism for such a statement of trial readiness which, in this court’s judgment, would not brook a delay in service on the defense until the next trial date. The Court of Appeals described the alternate means of notification of trial readiness as “a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk.” (People v Kendzia, supra, at 337 [emphasis added].) Such language suggests, if not mandates, that the notice be sent nearly simultaneously to the defense and the court. Thus, respectfully, this court declines to follow the holding in Cenat (supra).
After reviewing the three theories of exclusion proffered by the People for the June 19th adjournment, at least seven days of delay are chargeable to the People.
To date, at least 91 days of delay are chargeable to the People’s 90-day trial readiness period.
Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 is granted.
[Portions of opinion omitted for purposes of publication.]