OPINION OF THE COURT
Augustus C. Agate, J.
The defendant is charged with Penal Law § 120.00 (1) assault in the third degree, Penal Law § 265.01 (2) criminal possession of a weapon in the fourth degree, and Penal Law *744 § 240.26 (1) harassment in the second degree. The defendant now moves to dismiss the accusatory instrument, pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e), on the ground that the defendant has been denied his right to a speedy trial. The applicable time period within which the People must be ready for trial where the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony, is 90 days from the time of commencement of the criminal action.
In determining whether the People have met their statutory burden in this case, this court has examined the defendant’s motion, the People’s response and applicable case law. The court finds as follows:
On July 29, 2001, the criminal court complaint was filed, and the case was adjourned until August 15, 2001.
On August 15, 2001 the People did not file a supporting deposition, and the case was adjourned to September 20, 2001.
On September 20, 2001, once again the People did not file a supporting deposition, and the case was adjourned to October 31, 2001.
On October 3, 2001 the People filed a supporting deposition and filed a certificate of readiness off calendar. The People sent the defense counsel’s copy to the Legal Aid Society.
On October 31, 2001, the defense requested an adjournment for motion practice to November 11. The period of time, which is at issue in this case, is the period of time from October 3, 2001, when the certificate of readiness, and supporting deposition was filed until October 31, 2001, the next scheduled court date.
The People concede in their papers that the certificate of readiness should have been delivered to Ira Halfond, Esq., who took over representation as defense counsel for the defendant. He actually appeared for the defendant, on the record, in the presence of an assistant district attorney, on August 15, 2001. The court is in possession of the minutes of that notice of appearance. The People, however, incorrectly served the certificate and supporting deposition upon the Legal Aid Society.
The issue in this case is whether the error, conceded by the People, serving the wrong attorney (Legal Aid), who the People knew or should have known was replaced by another attorney, should be considered as a fatal error.
According to People v Kendzia (64 NY2d 331), ready for trial within the meaning of CPL 30.30 encompasses two necessary *745 elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court transcribed by the stenographer, or recorded by the clerk, or a written notice of readiness sent by the prosecutor to both defense counsel and the court clerk, to be placed in the original record. Second, the prosecutor must make his statement of readiness when the People are in fact ready to proceed.
The People argue in their papers that they should not be charged with any time that elapsed after they filed their certificate of readiness with the supporting deposition. Specifically they argue that while they concede that the notice was delivered to the incorrect attorney, they argue that this error should not be treated as a fatal error and the case against the defendant should proceed. The People assert that the purpose in allowing the People to file a certificate of readiness with the court and to mail a copy to the defendant’s attorney is to ease the burden of personal delivery, but at the same time ensure that the People are held to strict time limits imposed by CPL 30.30. In the People’s opinion once the courts accepted mail delivery as a legitimate means of service, they also accepted the possibility of error that delivery can cause. The People interpret the option to file the certificate of readiness to mean that these “unavoidable errors” are not meant to be fatal to the People’s case against the defendant. The People cite People v Cenat (176 Misc 2d 39) in support of their argument. In that case the statement of readiness and the corroborations were filed in court, at the same time the statement along with the corroboration, and was then placed in the District Attorney’s outgoing mailbox. The statement in that case was incorrectly sent to 113 Newkirk Avenue, instead of the defense counsel’s actual address which was 1113 Newkirk Avenue. The court, relying on Kendzia (supra), made it clear that it is the filing of the statement and not service that is critical and all that is required is that “prompt notice” be given to the defense attorney. The People also argue that because the certificate was never sent back to them they did not have the opportunity to fix the problem. The People sum up their arguments by arguing that “in order to allow the People to continue to serve documents by mail, and not be overburdened by continually serving defendants personally, some leeway must be granted for human error, particularly where the defendant was not prejudiced.”
The defendant makes the argument that the People were made fully aware that the defendant hired a defense attorney *746 who replaced Legal Aid when the defense attorney appeared on August 15, 2001, and that the Legal Aid Society was not representing the defendant at the time the People filed the certificate of readiness. The defendant argues that the People knew or should have known that the defendant was represented by his private defense attorney when they filed the certificate and sent it to Legal Aid. The defendant states that he was not given a copy of the certificate until the next scheduled court date which was October 31, 2001. The defendant cites People v Rossi (154 Misc 2d 616). In Rossi (supra), the defendant’s attorney made a request for the supporting deposition. The police department mailed the supporting deposition to the residence of the defendant himself, and not the defendant’s attorney. The court ruled that “once a defendant seeks counsel, especially where he appears by counsel, all further contact with the defendant either by the court, the police, or the prosecuting attorney, should be through the defendant’s attorney.” (At 620.) While it was the defendant himself who was served with the statement in Rossi, and in this case the statement was sent to the wrong attorney, the rule is the same, that the correct attorney for the defendant must be served in order to satisfy the requirement.
With regard to the People’s argument that their error in delivering the statement to the wrong attorney should not be treated as a fatal error, this court relies on the holding in People v Zhu (171 Misc 2d 298 [Sup Ct, Kings County 1997], revd on other grounds 245 AD2d 296 [1997]). The facts in that case are almost identical to the facts in this case. In Zhu (supra), the People conceded that they sent the statement to the wrong attorney even though they were given notice that the defendant’s private counselor had replaced his original attorney from the Legal Aid Society. The People in that case made the same argument that is made by the People in the case at bar. They argued that substantial compliance with the requirements as set forth in Kendzia is sufficient, considering that the People acted in good faith in attempting to notify counsel which excuses their office failure, and that no actual prejudice was suffered by the defendant. This court finds no merit in this argument. This court finds that the fact that the People acted in good faith is irrelevant under these circumstances. What is relevant is that the People have an obligation to inform the correct defense attorney that they have made a declaration that they are ready for trial. The defendant has a right to know when the People have made a *747 statement of trial readiness, so that the defendant understands when he has to be ready for trial, and so he can prepare his case accordingly. The defendant should not suffer because the People’s mistake was made in “good faith.” The People’s argument that the defendant did not suffer any prejudice is also without merit. The fact that the defendant never received word that the People were ready until the next court date without question results in prejudice to the defendant. The defendant has a right to know when the People have made a declaration of readiness.
The People argue next that the purpose in allowing the People to file a certificate of readiness is to ease the burden of personal delivery, and that when the courts accepted mail delivery as a legitimate means of service, they also accepted the possibility of error that delivery by mail can cause, and as such these are unavoidable errors and are not meant to be fatal to the People’s case against the defendant. This court finds that this interpretation by the People is without merit. In People v Collins (186 Misc 2d 818), the court correctly interpreted the reasoning behind the requirement that the People must promptly notify the defense of its trial readiness. The court stated, “[flirst, it gives some assurance that the prosecution believes in good faith that it is ready to proceed to trial. Second, it insures that the declaration is made to the court and defense as contemporaneously as possible to closely mirror a declaration in open court in the presence of the defense. Finally, prompt notification of the People’s state of trial readiness allows the defense to prepare to proceed without further delay on the next scheduled trial date.” (Id., at 820.) The People’s argument about service of the defendant’s attorney by mail, and “unavoidable errors” misses the point. The purpose of filing the statement of readiness is to make the defendant aware of when he will have to be ready and prepared to defend himself at the trial. The People’s mistake had nothing to do with an error with the mailing process, as was the case in the case they cite, People v Cenat (supra). It was an error that was made by the People themselves. The People knew or should have known about the substitution of attorneys. As stated above, and in the minutes provided to the court, the People were given actual notice of the substitution. The holding articulated in Zhu (supra) is right on point. The court stated “the People’s communication of readiness by filing a statement with the court and mailing a copy to counsel, who the People knew had withdrawn from the case, amounts to an *748 ex parte communication. That ex parte communication, albeit in good faith, has no effect and fails to satisfy the requirements of Kendzia (supra).” (171 Misc 2d, at 300.) This is not an example of mailing of the statement to the wrong address, as was the case in Cenat, this was an avoidable error made by the People themselves. In fact the defense attorney in the case at bar had his office located directly across the street from the courthouse, which means personal delivery and not mailing would have been the proper way to serve him. Finally, the People argued that the holding in Cenat (supra, at 44), in which the court articulated that “it is the filing of the statement, not service, that is critical and all that is required is ‘prompt’ notice,” be given to defense counsel. The People’s dependance on the wording in Cenat (supra) is misinterpreted. The People’s argument that the defendant in this case was given prompt notice is unsupported by any case law. The holding in People v Todd (184 Misc 2d 381) is right on point on this issue. The court in Todd (supra, at 382) held “this court is called upon to decide whether a 27-day lapse between the People’s off calendar filing of a statement of readiness for trial and its service upon defense counsel satisfies the mandate of ‘ready for trial’ as mandated by the Court of Appeals in * * * Kendzia * * * While acknowledging that there is no requirement of immediate notice to defense counsel following an off calendar filing and that the ‘prompt notification’ standard * * * has never been quantified, this court is of the opinion that a 27-day lapse between these actions is far in excess of what is sanctioned by statute or case law.” Obviously then, based on the holding in Todd (supra), the 28-day lapse which took place in the case at bar, from the time of the filing of the statement until the next scheduled court date in this case, exceeds the amount of time which would properly constitute “prompt notification.” The court in Collins (supra, at 820-821) stated “ [i] n this case, the court does not have to suggest or impose a standard to judge the promptness of the prosecution’s notification of its readiness * * * However a reading of Kendzia * * * suggests that the notification be made as soon as possible to satisfy the promptness requirement.” The People in this case failed to provide the correct attorney with prompt notification.
This court holds that the People did not properly follow the requirements as outlined in Kendzia, concerning the proper procedure to file a statement of readiness, and serve a copy of the statement upon the defendant’s attorney. This court finds that the defendant was not correctly provided with the state *749 ment of readiness, and that the 28 days that passed between the time of filing to the next scheduled court date does not constitute “prompt notice” as is the requirement. Therefore these 28 days are added to the other days charged to the People which adds up to a total of 94 days chargeable to the People. This amount exceeds the 90-day requirement with which the People had to announce their readiness for trial. Therefore the defendant’s speedy trial rights have been violated, and the defendant’s motion to dismiss in compliance with CPL 30.30 is granted.