■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD CORLEY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of burglary, larceny and criminal mischief, defendant's sole contention is that he was denied his statutory right to a speedy trial. We disagree. The People declared their readiness on the record on August 10, 1989, 150 days after the filing of the felony complaint on March 13. Because the People declared their readiness for trial within the six-month period, there is no occasion to consider the reasons for the preindictment delay. Moreover, because the People's announcement of readiness satisfied their obligation under CPL 30.30 *(see, People v Giordano,* 56 NY2d 524, 525), any subsequent delay in prosecution is inconsequential, absent a contention, not present here, that the People were not in fact ready at that time or subsequently became "unready" *(see, People v Anderson,* 66 NY2d 529; *People v Kendzia,* 64 NY2d 331).

Defendant argues that the August 10 declaration of readiness was ineffective because, although it was made on the record in open court, neither defendant nor defense counsel was present at the time, nor were they "promptly notif[ied]"

of the statement of readiness by the prosecutor *(People v Kendzia, supra,* at 337, n).* As established by the testimony at the CPL 30.30 hearing, the People were unable to locate defendant during that period, thus rendering it impossible for them to notify him of their readiness. Further, because defendant was not then represented, it was not possible to notify defense counsel. The People reiterated their declaration of readiness in open court on October 12, as soon as defendant was arraigned and new counsel assigned. That satisfied the "promptly notify" requirement of *Kendzia (supra,* at 337, n).* (Appeal from Judgment of Erie County Court, D'Amico, J.— Burglary, 2nd Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.