■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY D. ROBERTS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's CPL 30.30 motion was properly denied. As defendant concedes, the relevant period is from July 20 through November 20, 1987, when the People declared their readiness on the record and communicated it to defendant at his last known address. Since that period is less than six months, the People timely announced their readiness *(see,* CPL 30.30 [1] [a]), thus fulfilling their statutory obligation *(see, People v Giordano,* 56 NY2d 524, 525; *People v Corley,* 175

AD2d 613). Any subsequent delay in prosecution did not violate CPL 30.30 unless, as defendant contends, the People subsequently became "unready" to proceed against defendant *(see, People v Anderson,* 66 NY2d 529; *People v Kendzia,* 64 NY2d 331; *People v Corley, supra).* There is no merit to defendant's contention that the People became "unready" because they failed to exercise due diligence to locate defendant after he failed to make several court appearances and fled the jurisdiction. Postreadiness delays are chargeable to the People only when they result from prosecutorial inaction that has a bearing on the People's readiness to proceed *(see, People v McKenna,* 76 NY2d 59, 63-64). The People's inability to locate a defendant who has absconded has " 'no bearing on the People's readiness' " *(People v McKenna, supra,* at 64, quoting *People v Alicea,* 66 NY2d 529, 543). The express provisions of CPL 30.30 control in this situation. Specifically, "where the defendant is absent or unavailable and * * * has previously been released on bail or on his own recognizance, the period extending from the day the court issues a bench warrant pursuant to section 530.70 because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant", is excluded (CPL 30.30 [4] [c]). The statute further provides, "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, *or* his location cannot be determined by due diligence" (CPL 30.30 [4] [c] [emphasis added]). On this record, the conclusion is inescapable that the defendant's location was unknown and that he was "attempting to avoid apprehension or prosecution". Therefore, the People were not required to show due diligence, but merely that the postreadiness delay in prosecution was attributable to defendant's absence. The People made that showing, and therefore defendant's speedy trial motion was properly denied.

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Unauthorized Use of Motor Vehicle, 2nd Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.