■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROGERS, Appellant. (Appeal No. 1.) [601 NYS2d 755] — Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that he was denied his right to a speedy trial in violation of CPL 30.30. The People mailed a notice of the scheduled date for arraignment to defendant's last known address. When defendant failed to appear, a bench warrant was issued for his arrest and a notice of that warrant was left at that address. The police subsequently were informed by a neighbor that defendant had left town because he had learned of the warrant. Under the circumstances, the hearing court properly determined that the People satisfied their burden of proving that defendant was "absent * * * and * * * attempting to avoid apprehension or prosecution" (CPL 30.30 [4] [c]) and thus that the time period between issuance of the bench warrant and his involuntary appearance was excludable. The court also properly concluded that, because the People demonstrated that defendant was absent and attempting to avoid prosecution, the People were not required to

establish due diligence in locating him *(see, People v Bolden,* 81 NY2d 146; *People v Roberts,* 176 AD2d 1200, *lv denied* 79 NY2d 831).

We perceive no reason to disturb the jury's assessment of credibility, and conclude that its verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Erie County Court, Rogowski, J.—Assault, 1st Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.