OPINION OF THE COURT
Arthur M. Schack, J.
The issue before this court is whether the service and filing of a Department of Motor Vehicles (DMV) abstract, supporting deposition and a certificate of readiness, off calendar but later in the same day, subsequent to a court appearance, tolls the CPL 30.30 speedy trial clock. This court holds that the service and filing of a DMV abstract, supporting deposition and a certificate of readiness off calendar later on same day and subsequent to a court appearance was proper and tolled the speedy trial clock. Defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) is denied.
*506 Defendant was arrested on May 18, 2000 and charged with violating: Penal Law § 120.20 (reckless endangerment in the second degree); Penal Law § 145.00 (3) (criminal mischief in the fourth degree); Penal Law § 165.05 (1) (unauthorized use of a vehicle in the third degree); Vehicle and Traffic Law § 600 (1) (a) (leaving the scene of an incident without reporting); Vehicle and Traffic Law § 511 (1) (a) (aggravated unlicenced operation of a motor vehicle in the third degree); Vehicle and Traffic Law § 509 (1) (unlicenced operator); Vehicle and Traffic Law § 1111 (D) (1) (failure to obey traffic control signal);Vehicle and Traffic Law § 1180 (d) (speed in excess of posted speed limit); and Vehicle and Traffic Law § 1225-A (driving on sidewalks).
Defendant moves to dismiss for denial of his right to a speedy trial pursuant to CPL 30.30 (1) (b). The People oppose defendant’s motion.
May 19, 2000 to May 24, 2000
(five days chargeable to the People)
A criminal court action begins by the filing of an accusatory instrument with the Criminal Court. (CPL 1.20 [17].) For purposes of calculating speedy trial time periods, however, the day of defendant’s arraignment, i.e., the day the accusatory instrument is filed, is excluded from the computations. (See, General Construction Law § 20; People v Stiles, 70 NY2d 765 [1987].) Defendant was arraigned on May 19, 2000 and the case was adjourned until May 24, 2000 for the People to convert the complaint. People are charged with this five-day adjournment. (See, People v Kendzia, 64 NY2d 331 [1985]; People v Colon, 59 NY2d 921 [1983].)
May 24, 2000 to June 22, 2000
(29 days chargeable to the People)
The People failed to fully convert the complaint into an information and were therefore not ready for trial. The People are charged with 29 days.
June 22, 2000 to July 31, 2000
(39 days chargeable to the People)
The People failed to fully convert the complaint into an in *507 formation and were therefore not ready for trial. The People are charged with 39 days.
July 31, 2000 to September 14, 2000
(0 days chargeable to the People)
On July 31, 2000, the People were not ready at the calendar call, but later in the day served the DMV abstract and supporting deposition off calendar to fully convert the complaint to an information. The DMV abstract and supporting deposition were filed with the court at 12:51 p.m. and 12:52 p.m., respectively, and served on defense counsel that day by hand delivery.
Further, defense counsel moves to dismiss for violation of CPL 30.30 (1) (b) because the People failed to convert one of the two Penal Law § 145.00 (3) (criminal mischief in the fourth degree) counts. The Assistant District Attorney scribbled on the lower left corner of the statement of readiness, “P move to dismiss crim. mischief as to CW Irving Boyce-El [sic].” Defense counsel contends that the People could not announce ready because there remained an uncorroborated criminal mischief count on the complaint, which the People dismissed at the next court appearance, September 14, 2000, more than 90 days after the defendant’s arraignment.
The People’s motion to dismiss one count of Penal Law § 145.00 (3) on the certificate of readiness is irrelevant to the determination of a violation of CPL 30.30 (1) (b). When the People filed and served the DMV abstract and supporting deposition off calendar on July 31, 2000, the class A misdemeanor charges of Penal Law § 165.05 (1) (unauthorized use of a vehicle in the third degree) and one count of Penal Law § 145.00 (3) (criminal mischief in the fourth degree) were converted. The class A misdemeanor charge of Penal Law § 120.20 (reckless endangerment in the second degree) was an information at arraignment. The People do not need to have converted all the counts of a multicount complaint to maintain readiness on any converted count. (See, People v Hussein, 177 Misc 2d 139 [Crim Ct, Kings County 1998].)
Therefore, the court recognizes the filing and serving of the DMV abstract and supporting deposition on July 31, 2000, subsequent to the court appearance as valid and rules that it tolled CPL 30.30 time. All counts, other than one count of Penal Law § 145.00 (3), were converted as of July 31, 2001. The People are thus charged with 0 days.
*508 Conclusion
This court finds that 73 days elapsed for CPL 30.30 (1) (b) purposes and are charged to the People.
Defendant’s motion to dismiss is denied in all respects.