*580 OPINION OF THE COURT
Ralph A. Fabrizio, J.
The defendant, Richard B. Farrell, has moved for an order dismissing the accusatory instrument pursuant to CPL 30.30. The main issue to be determined is whether, after stating that they were not ready for trial in open court in the presence of the defendant and his attorney, requesting an adjournment to an unspecified future date for trial, and agreeing that they would serve and file a statement of readiness if they became ready, the People may mail the defense attorney a statement of readiness that same day, file it with the court, and validly “stop the clock” that same day, and avoid being charged any “speedy trial” time. Both sides agree that when the case was called on February 11, 2008, the date in question, the People indicated that they were not ready for trial, and they asked for an adjournment. Defense counsel argues that the statement of readiness that they filed some hours later should be ruled a nullity, taking the position that once the People have announced that they were not ready to proceed in open court, in the presence of defense counsel, and having their request to adjourn the case to a future date for trial granted, that they may not later that same day serve and file a statement indicating that they are now ready to proceed, knowing that both the defendant and his attorney are no longer available on that day to try the case, and immediately “stop the clock.” The People take the position that they were in fact ready on that day, albeit after the case was called into the record, and that this statement of readiness is perfectly valid, and that they should be charged no “speedy trial” time. The narrow question appears to be one of first impression.[1]
The relevant facts are not seriously in dispute. The defendant is charged with, inter alia, operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [3]). He *581 was arraigned on a misdemeanor information on February 24, 2007 and the People stated that they were ready to go to trial at the time of the arraignment. The case was adjourned several times to determine whether the defendant was in fact eligible for court-appointed counsel. The defendant ultimately hired an attorney. Motions were then decided and the case was set down for pretrial hearings and trial on November 28, 2007. Defense counsel concedes that none of the period between February 24 and November 28, 2007 should be charged to the People. On November 28, 2007, the People stated on the record in open court that they were not ready to proceed to trial, and they requested a two-week adjournment. Defense counsel and the People agree that in this postreadiness situation, the People should be charged with the 14-day period that they requested. The case was adjourned to February 11, 2008 for trial.
On February 11, 2008, the court initially issued a warrant for the defendant’s arrest at 10:15 a.m. However, the defendant appeared five minutes later and indicated that he had been to the courthouse located at 851 Grand Concourse, and to the courtroom where the case had been pending up to that point.[2] The People stated that they were not ready for trial, but provided no reason to the court. The court adjourned the case to April 28, 2008, and directed the People to file a statement of readiness when they became ready, since they were not asking that the case be adjourned to a specific date. Sometime later that same day, two police officers, Officer Ramastalla and Officer Rodriguez, who were witnesses to some of the conduct alleged in the information but whose testimony the People concede would not have been sufficient for them to sustain their burden of proof at the pretrial hearings or trial, appeared at the District Attorney’s office and spoke with the assigned assistant district attorney (ADA). Sometime later on that same day, Officers Castillo and Cabrera, witnesses who were absolutely necessary to the People’s ability to prevail at a hearing and at trial, also appeared. The assigned ADA indicates that she called down to the part and asked that the case be recalled so that the People could state ready for trial. The judge in the part, understandably, refused to recall the case for that purpose since defense counsel and the defendant had already left. Sometime later that day, the People mailed defense counsel a statement of readiness, and filed one in the Supreme Court clerk’s office.
*582 The law is well-settled, that, in a postreadiness situation, if the People answer “not ready” and ask to have the case adjourned for trial to an unspecified future date, and agree that they will file a statement of readiness should they become ready prior to the next court date, they are charged with all the time between the date on which the case is adjourned and the date upon which they validly answer ready for trial. (See People v Nunez, 47 AD3d 545 [1st Dept 2008].) In order to answer ready for trial in an “off-calendar” situation, the People must both notify defense counsel that they are ready, and file a notice with the court reflecting the fact that they are ready. (See People v Kendzia, 64 NY2d 331 [1985].) And the People must “in fact” be ready; the certificate or statement of readiness filed with the court must embody an accurate statement of present readiness. It cannot be a statement of future readiness and cannot be read as anything other than a statement that the People are ready for trial at that time. (Id. at 337.)
Here, the People ask this court to find that their February 11, 2008 statement of readiness was valid, because they mechanically complied with the requirements for serving and filing a statement of readiness, and they were in fact ready for trial at the time they filed it because their witnesses were physically present in their office. And, in normal circumstances, this would be sufficient to “stop the clock” that day. (See Kendzia, 64 NY2d at 337.) The obvious wrinkle in this case is that the People had alerted the court and defense counsel earlier that same day that they were requesting an adjournment, which necessitated a delay that arose directly from the People’s conduct. There was no request on the record for a “second call” to have the case heard later that same day. The court was never told that the police officers had been notified. No suggestion was ever made to the calendar judge even remotely implying that the officers might be on the way. Rather, the People stated not ready for trial, never specified the reason that they were not ready, asked that the case be adjourned to some unspecified future date for trial, and agreed that if they became ready for trial in the interim, they would serve and file a statement of readiness. The fact that they did not ask for a specific date for trial in this “post-readiness” situation could only be interpreted to mean that, at the time the record was made, the People had no idea when their witnesses would be available for trial, and that they could only in good faith proceed and answer ready by serving and filing a statement of readiness when they had contact with *583 their witnesses and were confident of their availability for trial. And, that is precisely what they did in this case — although within hours of telling the defendant and the court that they were not ready for trial.
But mechanical compliance with the requirements for stating ready is not always enough to “stop the clock.” It would seem to be illogical for the People to cause a delay in the proceedings by stating “not ready” for trial in court and ask for an adjournment, which, in a postreadiness situation would “restart” the clock (see People v Stirrup, 91 NY2d 434, 440 [1998]), and then, within hours on the very same day, be able to “stop the clock” by mailing a defendant a statement of readiness for trial after sending that defendant home, confident that no trial would take place that same day. Of course, absent the defendant and his attorney, the case could not possibly proceed to trial at all that day. By asking for an adjournment, the People created an impediment to having the case go to trial that day. And they did nothing to remove the impediment they created, such as contacting the defense counsel and asking him to bring his client back to court.
In order for a statement of readiness to be completely valid, the People must remove any and all impediments that may exist to actually trying the case. As the Court of Appeals has observed, “readiness is not defined simply by an empty declaration that the People are prepared to present their direct case . . . The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried.” (People v England, 84 NY2d 1, 4 [1994].) For example, the People cannot validly state ready for trial without a legally sufficient accusatory instrument, since the existence of a “valid accusatory instrument” is a prerequisite to a valid statement of readiness. (See People v Caussade, 162 AD2d 4, 8 [2d Dept 1990].) In addition, the People may not validly state ready for trial when there are unresolved motions or outstanding pretrial hearings, as those are the types of things that constitute impediments to a valid statement of readiness. (See People v McKenna, 76 NY2d 59, 64 [1990].)
To be sure, had the People served and filed a statement of readiness the very next day, and there was no meritorious challenge to their ability to be able to state ready that day, there would be no problem. Statements of readiness are served and filed “off calendar” all the time, and are presumptively valid. (See People v Acosta, 249 AD2d 161 [1st Dept 1998].) And, the *584 People were actually in a position to present their direct case sometime on February 11, 2008 because at some point during the day, the four witnesses necessary for the People to proceed to trial showed up to testify, so the statement of readiness was not at all illusory as defense counsel argues. However, this court agrees with the defendant’s argument that the People’s claim that they should be charged no time as a result of the events of February 11, 2008 is specious. Having asked to have the case adjourned in open court in the presence of defendant and his attorney, having given the court no information about why they were not ready, let alone information about when they might actually be ready for trial, and having agreed that they would file a statement of readiness at a future time, the People cannot expect that this court would credit their argument that they should be charged no time. We do measure trial readiness in days, not hours. And, in this already “post-readiness” situation, they were “not ready” for trial at the time the case was called, which has to mean they were not ready for trial that day. To rule otherwise would invite gamesmanship.
The most analogous situation appears to be found in England. There, the Court defined the “narrow issue” presented as “whether the People can validly answer ready where, wholly as a result of their own conduct defendant could not be arraigned, and thus trial could not commence within the statutory time period.” (84 NY2d at 3.) In that case, the People argued that the service and filing of a statement of readiness off calendar was valid to stop the “30.30 clock” even though they made no attempt to bring the defendant to court to arraign him on an indictment before their statutory time to try the case had expired. Of course, the impediment to proceed was seen as one of jurisdiction, not logistics. However, the existence of that impediment was attributed to “prosecutorial laxity” in failing to secure an indictment until the very last day that the case could have been indicted.
Here, the People’s statement that they were not ready to proceed for reasons that were never explained to the court in the presence of defense counsel constituted another impediment to holding a trial — the People’s inability to state ready. That impediment prevented the trial from proceeding that day. The People then asked for an adjournment, and the court granted that application, effectively sending the defendant and his attorney away. This created a different impediment — having basically excused the defendant and his counsel from court, there *585 was no way that the court could hold a trial in this case that day. The People seem to suggest that the calendar judge wronged them in some way when that judge would not allow them to have the case “recalled in court [to state ready] but [were] informed that the defendant and the defense attorney were no longer present in court,” and that for this reason “the People filed a statement of readiness.” (Affirmation in opposition, Aug. 11, 2008, If 19.) Ironically, had the judge allowed them to “state ready” in open court after the case had already been adjourned, and after defendant and his attorney were long gone, such a statement of readiness alone would have been plainly ineffective because it would have comported with neither of the Kendzia technical requirements, and there would be no question that all time between this date and the next court date would have been charged to the People.
The court is fully aware of the fact that “there is no requirement that a defendant be present in order [for the People] to establish readiness for trial.” (People v Carter, 91 NY2d 795, 798 [1998].) But, in this case, it was the People who asked to have the trial adjourned, and thereby caused the defendant to leave the building. The defense attorney understandably believed that since an adjournment was granted because the People were not ready, he and his client could leave the courtroom, confident that no trial would take place that day. The granting of the adjournment did not prevent the People from becoming “ready” in the sense that they could prepare their case and announce that they were ready to proceed, but it did prevent the case from going to trial that day because it raised an impediment to the case being tried that day. And, the People’s decision merely to notify the defendant by mail that they were ready for trial did nothing to remove that impediment. In short, they did not do “all that [was] required of them to bring the case to a point where it may be tried” that day. (England, 84 NY2d at 4.) The statement of readiness was therefore insufficient to “stop the clock” that day.
But, the current state of the case law does not seem to permit this court to charge the People with all the time between February 11, 2008 and April 28, 2008, as the defense requests. The defense argues that the statement of readiness in its entirety in this case was illusory, and that the People should be charged with all the time until the next court date. He claims that to do otherwise, would create a precedent that would require that “the defendant, his counsel, and his witnesses wait in the *586 courtroom until the end of the court day just in case the People become ready for trial” after the case had already been called and adjourned at the People’s request (defense affirmation at 4). And, yes, that would be one potential implication of a ruling recognizing that the People should not be charged any time in this specific factual situation. However, the law is also clear that, in the type of situation present in this case, in which the People state “not ready” in open court, and do not request a specific date for trial, and the court picks its own date, a court may not charge the entire period of the adjournment to the People if in fact they do become ready in the interim and notify the court and defense counsel of that readiness in an approved manner. (See e.g. Stirrup, 91 NY2d at 439-440; People v Anderson, 252 AD2d 399, 400-401 [1st Dept 1998].) So, this court is legally unable to charge the People with the entire 77-day period following the adjournment.
The dilemma is, having found that the People could not “stop the clock” by requesting an adjournment in the morning and later that same day mail and file a statement of readiness, how much time to charge the People. In the very unique circumstances present here, the court charges the People one day of “speedy trial” time for the period between February 11, 2008 and April 28, 2008. Charging the People no time at all would be fundamentally unfair, and established and binding case law does not allow this court to charge them with the entire period of the adjournment. Absent any contention or evidence that the People “became ‘unready’ ” between their service and filing of the statement of readiness and the next court date (People v Corley, 175 AD2d 613, 613 [4th Dept 1991]), this court charges the People with one day.
On the next court date, April 28, 2008, the People once again stated not ready for trial in open court, ostensibly because the “arresting officer” was on his “regular day off’ and was not authorized to appear and testify by the Police Department. They requested an adjournment to May 5, 2008. In this postreadiness situation, the People are charged with the time they requested, a total of seven days. The case was adjourned to May 16, 2008.
On May 16, 2008, the People once again stated that they were not ready for trial because of the unavailability of the officer who had arrested the defendant, based on an unspecified family emergency. They requested an adjournment to May 21, 2008. In this postreadiness situation, they are charged with the five-day period that they requested. The case was adjourned to May 27, 2008.
*587 On May 27, 2008, the People stated that they were not ready for trial, because the arresting officer was now on vacation. They requested an adjournment to June 4, 2008. In this post-readiness situation, they would be charged with the eight days they requested. However, defense counsel filed the within motion on May 29, 2008, stopping the clock, and the People are only charged two additional days. The court heard argument on the defense motion on August 11, 2008.
Based on the above calculations, this court finds that 29 days of delay are charged to the People. Since the defendant is charged with a misdemeanor carrying a maximum sentence of one year in jail, they have a total of 90 days from the arraignment to state ready for trial. Accordingly, the motion to dismiss is denied.

. In People v Pettway (187 Misc 2d 505, 505 [Crim Ct, Kings County 2001]), the court considered the question of whether, in a prereadiness situation, the People’s statement of readiness filed off calendar along with documents necessary to convert a misdemeanor complaint to an information, “tolled the speedy trial clock” after the People had stated not ready earlier that day. There, the impediment to the trial was the People having a jurisdictional defect — an accusatory instrument containing uncorroborated hearsay. The court found the People’s service and filing of the necessary corroborating documents, accompanied by a statement of readiness, sufficient to convert the accusatory instrument and “stop the clock” that same day. The argument raised by the defense in this case was apparently not raised in Pettway.

. The Supreme Court, Criminal Term, moved from 851 Grand Concourse to its new home at 265 East 161st Street in January 2008.