People v Valentin (2024 NY Slip Op 50487(U))

[*1]

People v Valentin

2024 NY Slip Op 50487(U)

Decided on April 28, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Julia Valentin, Defendant.

Docket No. CR-011034-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Jean Paul Stefan)
For the Defendant:
The Bronx Defenders
(by: Lisa Boesen, Esq., admitted pro hac vice, and Alice Thompson, Esq.)

Yadhira González-Taylor, J.

On May 28, 2023, defendant Julia Valentin was arraigned on an accusatory instrument charging her with violating Penal Law ("PL") §§ 150.01 (arson in the fifth degree) and 145.00 (1) (criminal mischief in the fourth degree), both misdemeanors. On December 14, 2023, this Court rendered a Decision and Order, inter alia, denying defendant's motion for an order dismissing the accusatory instrument and finding that the prosecution's CoC was valid. The docket was initially scheduled for hearings and trial on January 12, 2024. 
By notice of motion dated February 19, 2024, defendant moves for an order granting leave to reargue pursuant to Civil Practice Law and Rules ("CPLR") § 2221 (e), and upon that reargument, for dismissal of the accusatory instrument pursuant to Criminal Procedure Law ("CPL") §§ 30.30 and 170.30 on the grounds that there are new facts that were not offered on the prior motion that would change this Court's prior determination; and for an order pursuant to CPL §§ 30.30 and 170.30, alternatively, because the prosecution's Certificate of Compliance ("CoC") and Statements of Readiness ("SoR") are illusory, or because the prosecution failed to declare its readiness for trial within the statutorily allotted time; and for such additional relief as this Court deems just and proper. On March 15, 2024, the People opposed the motion to reargue in its entirety and further moved for an order consolidating this docket with CR-015155-23BX.[FN1]
On April 2, 2024, defendant replied to the People's opposition and further opposed their motion to consolidate. Upon review and consideration of the submissions, court file, and relevant legal authority, the Court:
GRANTS defendant's motion to reargue pursuant to CPLR § 2221 (e), and
DEEMS the People's CoC, filed on June 8, 2023, ILLUSORY; and
GRANTS defendant's motion for dismissal pursuant to CPL §§ 30.30 and 170.30; and
DENIES the prosecution's motion for an order consolidating this docket with CR-015155-23BX as MOOT.
 RELEVANT PROCEDURAL BACKGROUND
On January 12, 2024, the prosecution maintained its readiness for trial. However, the docket was adjourned to February 21, 2024, because defense counsel had not yet complied with this Court's directive to file a CoC within 30 days of its Decision and Order. On January 20, 2024, the People filed a second supplemental CoC ("SCoC"), to which they appended documents "we have re-provided and filed to defendant since the Certificate of Compliance was filed on June 8, 2023," including memo book entries and body-worn camera ("BWC") footage for Police Officer ("PO") Cedillo, PO Argueta Linares, PO Isom Jenkins, and PO Marshall." The prosecution stated the basis for the second SCoC as "The People were unaware that NYPD Responded on January 4, 2023, to a separate incident. Upon preparing FW [Fire Marshall] Wakie for trial on January 12, 2024, the People were informed that NYPD did respondand that he was accompanied by FM Magis Shield #260." Also annexed to the prosecution's second SCoC was an email from the assigned ADA to defense counsel, dated July 27, 2023, wherein he asserts, On the date of the incident, it was a response from FNDY who do not wear BWC. It was FM Joseph Wakie who responded to the scene. No NYPD were present on that day so there is no BWC for that date.
On February 21, 2024, counsel advised this Court that defendant intended to file a motion to renew based upon belated disclosures from the prosecution. 

DISCUSSION
I. Applicable Legal Standards
CPLR § 2221 (e) Motion to Renew
CPLR § 2221(e) (2) and (3) provide, in pertinent part, that "A motion for leave to renew ... shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (see People v Roberts, 76 Misc 3d 448, 452—53 [Crim Ct, New York County 2022]).
CoC Challenge
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]).
Lastly, the Court of Appeals has now addressed the issue of how trial courts can evaluate prosecutorial due diligence in People v Bay, — NE3d —, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *2 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
CPL § 30.30 Challenge
Following legislative reforms to the CPL, after January 1, 2020, the People must now also satisfy their statutory obligations pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]; People v Pierna, 74 Misc 3d 1072, 1087 [Crim Ct, Bronx County 2022]; People v Aquino, 72 Misc 3d 518, 520 [Crim Ct, Kings County 2021]). Consequently, courts examine the prosecution's efforts to ensure that it has served all known discoverable materials pursuant to CPL § 245.20 to determine the validity of a CoC (see People v Adrovic, 69 Misc 3d 563, 574-575 [Crim Ct, Kings County 2020]; People v Vargas, 76 Misc 3d 646, 652 [Crim Ct, Bronx County 2022]).
II. The Parties' Arguments
Defense counsel avers that the instant motion to renew is premised upon the People's belated disclosure of missing BWC footage, which the People claimed did not exist (affirmation of defendant's counsel at 5). Counsel argues that NYPD BWC is discoverable pursuant to CPL § 245.20 (1) (g) and, thus, the prosecution had a duty to exercise due diligence before initially certifying compliance (affirmation of defendant's counsel at 8-9). Defendant further contends that NYPD memo book entries constitute a generic category of police paperwork, which is automatically discoverable pursuant to 245.20 (1) (e) (affirmation of defendant's counsel at 9). Counsel states the prosecution's failure to disclose BWC footage and memo books until the eve of trial contravenes the standard of due diligence enunciated by the Court of Appeals in Bay (affirmation of defendant's counsel at 10-11). 
Specifically, defendant maintains that even a cursory review of discovery before certification would have alerted the People that NYPD had responded to the scene where three 911 calls were made and the complaining witness, while acknowledging that firefighters had already responded, nevertheless asks for police assistance (affirmation of defendant's counsel at 11). Counsel points to 911 SPRINT report entries contemporaneously dated with the incident, which reference that "Total units assigned 1" and "Unit P7B1-3 Route DP Precinct P7" were en route to the subject location as proof that the People should have known that NYPD had responded to the scene (affirmation of defendant's counsel at 13). Additionally, counsel posits that the prosecution's second SCoC is devoid of details concerning how the People exercised due diligence to inquire about the existence of NYPD records (affirmation of defendant's counsel at 13). Lastly, defense counsel's reply brief asserts that the People have failed to allege a factual basis to establish that this docket and docket number CR-015155-23BX arise from the same [*2]criminal offense as required by CPL §§ 200.20 (a) and (b) (reply affirmation of defendant's counsel at 15-19).
Initially, the People contend that defendant should not be heard to complain concerning belated NYPD disclosures where the People maintained their readiness for trial on January 12, 2024, but counsel failed to comply with this Court's directive to file a CoC (People's affirmation at 9). The assigned ADA posits that his due diligence was demonstrated by his conversations and trial preparation with FM Wakie, on May 22, 2023, September 14, 2023, and January 12, 2024, respectively, to learn about arson investigations and ascertain why NYPD does not respond to arson matters (People's affirmation at 9). Moreover, the prosecution asserts that the same 911 calls referenced by defendant also confirm that the operator advised the caller that they would be connected to the Fire Department and, thus, the People were not presumptively wrong to conclude that NYPD had not responded (People's affirmation at 10).
The People's ex post facto explanation for why NYPD responded at all was gleaned from BWC footage belatedly provided by PO Cedillo, who advised that NYPD responding to the 911 call made by defendant's mother about someone banging on her door, not an arson complaint (People's affirmation at 11). The prosecution maintains that "NYPD does not respond to all matters where a fire occurs which includes when an alleged crime has occurred" (People's affirmation at 11). Next, the assigned ADA posits that NYPD's response was not apparent where inquiries to their discovery liaison, Desk Sergeant of PSA 7, an evidence.com search, and FM Wakie turned up no evidence (People's affirmation at 11-12). Additionally, the People alternatively argue that without a name or Tax ID number, their discovery liaison could not conduct a fruitful search even after "the People sent one officer's name that the People were aware of, Officer Cedillo;" however, after finally getting a hold of PO Cedillo, they were able to expedite the disclosure of the BWC footage and memo books (People's affirmation at 12). The prosecution claims that the Bay decision does not require prosecutorial perfection and that a remedy pursuant to CPL § 245.80 is appropriate where the People demonstrated good faith compliance with CPL 245 (People's affirmation at 13-14). Lastly, the prosecution contends that the SoR stopped the speedy trial clock at 12 days and, further, that consolidation of defendant's dockets is warranted where the Court has discretion, in the interest of judicial economy, to consolidate dockets involving the same complaining witness (People's affirmation at 18-19).
III. The Court's Analysis
The CPLR 2221 (e) Motion to Renew
The instant motion to renew is entirely premised upon the belated disclosure of NYPD materials, which defense counsel was advised did not exist and, thus, was not the subject of any relief sought in the Decision and Order issued by the Court on December 14, 2023. Accordingly, defendant has met his burden of proof in this regard (see Roberts at 452—53).
The CoC Challenge
The prosecution is correct to argue that the diligence and "reasonableness under the circumstances" standards articulated in the Bay decision implicitly reject the notion of a perfect prosecutor, particularly where the Bay decision cautions trial courts to adjudicate due diligence based upon "a case-specific inquiry of the record at bar" (see Bay, 2023 NY Slip Op 06407, *2). [*3]Consequently, the issue before this Court is whether the record demonstrates that the People's CoC was proper because the "prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery" (Id.). 
The prosecution labors to explain why NYPD's involvement was supposedly so ancillary as to escape notice because, on January 4, 2023, police officers were responding to a 911 call by defendant's mother about banging on her door not an arson incident involving the same defendant  yet argues that the two dockets should be consolidated because the complaining witness would testify at both trials. However, even if this Court credits the People's representation that, upon information and belief, including inquiries to FM Wakie and their precinct discovery liaison, they had no reason to believe that NYPD had responded to the scene, it is apparent from the record at bar that the prosecution's search for responsive NYPD records ended on or about May 17, 2023, and did not resume until trial preparation on January 12, 2024 (People's affirmation at 12 ["The People did not inquire after defense counsels inquiries because the People had already inquired about such materials which produced negative results"]).
Additionally, this Court finds the record at bar fails to proffer a reasonable explanation for why it was so difficult to ascertain the identities of any responding NYPD officers, yet PO Cedillo's contact information was determined after the search had been dormant for several months, and the responsive BWC footage and memo books thereafter immediately disclosed. It is not due diligence to have declined to make reasonable inquiries concerning the possibility of discoverable NYPD paperwork given the statements made during the 911 calls, which specifically requested the police and where defense counsel repeatedly sought to confirm whether discoverable NYPD records existed.
Accordingly, we find the prosecution's CoC, filed June 8, 2023, to have been illusory.
IV. CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within the statutorily prescribed time, 90 days (see CPL § 30.30 [1] [b]); Luperon at 77-78. The burden then shifts to the prosecution to identify excludable delays (see Luperon at 78).
In the case at bar, the People's 30.30 calculation commenced on May 29, 2023, the day after defendant's arraignment. At the next appearance on July 28, 2023, the People advised that their CoC and SoR had been filed off-calendar on June 8, 2023. However, the prosecution's CoC has now been deemed illusory and, thus, did not toll the speedy trial time until the motion schedule was set for defendant's first motion to dismiss (May 29, 2023 to September 22, 2023= 116 days charged to the People).
At the December 18, 2023, court appearance, defendant's first motion to dismiss was denied and the matter scheduled for hearings and trial on January 12, 2024 (December 19, 2023 to January 12, 2024= 25 days charged to the People). On January 12, 2024, the People maintained readiness on the now invalid CoC; however, defendant was not ready for trial because counsel had not complied with the Court's order to file and serve its CoC and the matter was adjourned to February 21, 2024, for hearings and trial (January 12, 2024 to February 21, 2024 = 0 days charged to the People). 
Consequently, 141 days are chargeable to the People and, thus, the prosecution was untimely pursuant to CPL § 30.30 (1) (b) as a consequence of the People's failure to timely [*4]comply with their discovery mandate. Additionally, the People's motion to consolidate this docket with CR-015155-23BX is moot.

 CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, the Court:
GRANTS defendant's motion to reargue pursuant to CPLR § 2221 (e), and
DEEMS the People's CoC, filed on June 8, 2023, ILLUSORY; and
GRANTS defendant's motion for dismissal pursuant to CPL §§ 30.30 and 170.30; and
DENIES the prosecution's motion for an order consolidating this docket with CR-015155-23BX as MOOT.
This constitutes the opinion, decision, and order of the Court.
Dated: April 28, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:On July 12, 2023, defendant Valentin was arraigned on docket number CR-015155-23BX, charging her with PL §§ 215.50 (3) (criminal contempt in the second degree) and 240.26 (1) (harassment in the second degree), a misdemeanor and a violation, respectively.