OPINION OF THE COURT
Darrell L. Gavrin, J.
The defendant moves to reargue his prior motion dated January 20, 1998 requesting dismissal of the accusatory instruments pursuant to CPL 30.30 for the People’s failure to bring this matter to trial within the statutory period which in the instant case is 90 days. No opposition to this motion was submitted by the People. A motion to reargue is addressed to the discretion of the court and should be granted only if a relevant fact or principle of law has been overlooked or misapplied. The motion to reargue is granted and upon reargument, the court modifies its original determination as follows:
*1010 On the original motion the court dismissed docket No. 97Q036048 as it was determined there were 102 days of speedy trial time chargeable to the People. The court declined to dismiss the remaining dockets and found there were only 78 days of chargeable speedy trial time. The defendant bases his motion to reargue on the minutes from the calendar call in JP-1 on October 14, 1997 in front of the Honorable Roger N. Rosengarten which he supplied on reargument.* A review of these minutes reveals the People clearly announced that they were “not ready for trial” and further indicated that “[t]he complainant [was] not ready [that day]” (minutes of Oct. 14, 1997, at 3-4). Accordingly, the 17-day adjournment period from October 14, 1997 to October 31, 1997 originally excluded pursuant to CPL 30.30 (4) (a) is charged to the People. (People v Kendzia, 64 NY2d 331 [1985].) Adding this period to the time previously found chargeable to the People the court finds that there are 95 days of speedy trial time chargeable to the People on the remaining dockets. Therefore, the defendant’s motion to dismiss docket Nos. 97Q031966 and 97Q033543 is granted.

 The court was not in possession of these minutes when the original motion was decided. On that motion the People identified their intention to rely on an exclusion of the period from October 14, 1997 until October 31, 1997 based on their averment that they announced ready for trial at the calendar call on October 14th. The court excluded that period from its calculations. Now, although somewhat belatedly, the defendant has identified a “legal or factual impediment [ ] to the [People’s] use of [this] exclusion[ ]” (People v Luperon, 85 NY2d 71, 78) with the production of the minutes for October 14th.