People v Minnock (2025 NY Slip Op 50040(U))

[*1]

People v Minnock

2025 NY Slip Op 50040(U)

Decided on January 15, 2025

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 15, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Daniel Minnock, Defendant.

Docket No. CR-021698-24BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Daniel Belooseky)
For the Defendant:
Jason A. Steinberger, Esq.

Yadhira González-Taylor, J.

Defendant moves, inter alia, for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to Criminal Procedure Law ("CPL") § 30.30. Specifically, defendant contests the validity of the People's certificate of compliance ("CoC") and supplemental certificates of compliance ("SCoCs") due to the People's failure to comply with their disclosure obligations pursuant to CPL § 245.20 (1) prior to the expiration of their speedy trial time. The People oppose the motion.
Upon review and consideration of the submissions, court file and relevant legal authority, the court finds that the People's CoC, filed on November 13, 2024, was valid, and that their SCoCs filed on November 25, 2024, and December 4, 2024, respectively, were also valid. Accordingly, the People's prosecution pursuant to CPL §§ 30.30 and 170.30 was not untimely and defendant's motion is DENIED.
 RELEVANT PROCEDURAL BACKGROUND
On August 24, 2024, defendant Daniel Minnock was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (3) (driving while intoxicated) and 1192 (1) (driving while impaired), a misdemeanor and a violation, respectively. On August 25, 2024, defendant was arraigned and released on his own recognizance. On November 13, 2024, the prosecution filed its CoC and Statement of Readiness ("SoR") and at the court appearance held on November 25, 2024, defendant was arraigned on the information upon the filing of a Supporting Deposition, which was filed and served by the People on November 12, 2024. Additionally, the People filed an SCoC on November 25, 2024, and December 4, 2024. The instant motion was filed on December 9, 2024, which the People opposed on December 20, 2024.

DISCUSSION
I. Applicable Standard for CoC
The CoC Challenge
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, 41 NY3d 200 [2023]). The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay at 211[emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable period of non-compliance which renders the prosecution untimely (see Bay at 214).
II. The Parties' Arguments
Defendant argues that the prosecution failed to comply with its discovery mandate (affirmation of defendant's counsel at 3). Specifically, defense counsel asserts that the People's CoC was filed on November 23, 2024, and that subsequent disclosures made on November 14, 2024, (Officer Brandon Samaroo's Activity Log, chain of custody paperwork, a property invoice for defendant's property, roll call log and WINQ report), and November 22, 2024 (Officer Andrew Garcia's Activity Log), and November 26, 2024 (Department of Health Permits) illustrate the illusory nature of the prosecution's certification (affirmation of defendant's counsel at 3). 
The People contend that their post-CoC filing disclosures complied with their continuing duty to disclose pursuant to CPL § 245.60 (People's affirmation at 3). The People further assert that defense counsel failed to confer with the prosecution about disputed discovery items before filing the instant motion (People's affirmation at 4). The People argue that they acted diligently to obtain the items which were disclosed post-CoC filing and that their actions are consistent with the standard enunciated by the Bay decision where the record demonstrates they consistently followed up for missing items (People's affirmation at 6, 16-18). Lastly, the prosecution avers that the Court has less drastic remedies to address purported discovery lapses (People's affirmation at 18-20). 
Activity Logs: Officer Andrew Garcia
With respect to Officer Garcia's Activity Log, the People enumerate attempts which began on August 29, 2024, and were repeated on November 6, 2024, November 7, 2024, November 8, [*2]2024, November 12, 2024, November 13, 2024, and November 21, 2024, during which time they sent emails to the 45th Precinct's discovery liaison and to Officer Garcia personally before receiving a response of November 22, 2024 (People's affirmation at 6). Further, the People argue that the Activity Log is of limited probative value because it does not relate to the subject matter of the case and merely provides information duplicative of other discovery (People's affirmation at 7).
Activity Logs: Officer Brandon Samaroo
Similarly, the People claim that attempts to follow for Officer Samaroo's Activity Logs began with a request to the 45th Precinct on February 16, 2024, and subsequent entreaties were made on November 6, 2024, November 7, 2024, November 8, 2024, November 12, 2024, November 13, 2024, before the items were recovered after the assigned ADA reached out to Officer Victor Lozada, who made the arrest (People's affirmation at 8). The prosecution contends that Officer Samaroo is not a testifying officer and that his Activity Logs are of limited probative value (People's affirmation at 9).
Roll Call Logs
The People submit that although the Roll Call Logs were disclosed post-CoC filing, they diligently sent email requests beginning on August 29, 2024, and continuing on November 7, 2024, November 8, 2024, November 12, 2024, and November 13, 2024 (People's affirmation at 11). Moreover, the prosecution argues that the logs only provide general data about an officer's assignment and tour times, which is duplicative of other sources, and not discoverable pursuant to CPL § 245 (People's affirmation at 11). 
WINQ Report
The assigned ADA states that the People provided a warrant check prior to their CoC filing and the WINQ Report identified by defense counsel as belated discovery was in reality a second WINQ Report mistakenly generated by Officer Lozado on November 14, 2024 and disclosed that very day (People's affirmation at 11). 
DOH IDTU Permits
The People submit that their failure to include the IDTU health card permits for Officer Terrence Saunders with their CoC filing was an oversight, which they corrected on November 26, 2024, despite the lack of conferral with defense counsel (People's affirmation at 11-12). 
Property Voucher/Chain of Custody Documents
The People state that these items do not contain any information relevant to the subject matter of the case, and that the details concerning the arrest are already contained in the discovery initially disclosed, namely the arrest report, complaint report, the DA case summary, the IDTU Refusal report, the body-worn camera footage and, thus, their belated disclosure should have no bearing on the validity of the prosecution's CoC (People's affirmation at 12-14). 
III. The Court's Analysis
The Bay Court's admonishment to trial courts that "there is no rule of strict compliance" will not preemptively shield the prosecution's CoC from challenge where the record does not establish reasonable efforts to comply with CPL § 245.20 (1) (see Bay at 212). However, the defendant also has a duty to provide CPL § 245.20 disclosures and to certify his own compliance with the obligation to provide the prosecution with reciprocal discovery (see CPL § 245.20 [4]; see also Bay [*3]at 209 ["As with the People, if a defendant violates their discovery obligations, a CPL § 245.80 remedy or sanction may be imposed against them"). 
Although the People contend that most of the belatedly disclosed items are presumptively outside of the ambit of automatic discovery because they are unrelated to the subject matter of defendant's arrest, CPL § 245.20 (1) is not an exhaustive list and where "[i]t has long been recognized that the best judge of the value of evidence to a defendant's case is the single-minded devotion of counsel for the accused," the prosecution cannot declare itself the discovery gatekeeper" (see People v Vargas, 78 Misc 3d 1235[A], 2023 NY Slip Op 50425[U], at *8 [Crim Ct, Bronx County 2023]). Additionally, it strains credulity to suggest that property vouchers and chain of custody paperwork concerning defendant's own arrest could be excluded from mandated automatic discovery. Nevertheless, the record at bar demonstrates that the People endeavored to follow-up repeatedly for Activity and Roll Call Logs, Chain of Custody and Property Voucher paperwork, and we credit the prosecution's explanation that the post-CoC disclosure of a WINQ Report was the second such report mistakenly generated and disclosed on November 14, 2024.
The Court also finds that the assigned ADA has credibly argued that the omission of the IDTU health permits was an oversight- and one that the People endeavored to correct despite the lack of conferral with defense counsel. It is settled that the defendant cannot lay in wait anticipating that speedy time will accrue where his counsel is aware of a potential discovery issue (see People v Rondon, 82 Misc 3d 1209[A], 2024 NY Slip Op 50257[U], at *3 [Crim Ct, Bronx County 2023] citing CPL § 245.40 [4][b]; see also People v Henriquez, 80 Misc 3d 1220 [A], 2023 NY Slip Op 51044 [U], *3 [Crim Ct, Bronx County 2023]["(d)efense counsel cannot strategically delay their CoC challenge in the hope that the People's speedy trial time will exhaust before their disclosures are supplemented, as such a course would undoubtedly contravene the Legislative intent which animates CPL § 245.40 [4][b]"). Defendant's motion is wholly void of any attempt to alert the People that items were missing from their CoC. 
Criminal Procedure Law § 245.40 (4)(b) provides that "(t)o the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable" (see CPL § 245.40 [4][b] [emphasis added]). Thus, defense counsel at bar should have exercised due diligence to engage the assigned ADA concerning any disputed items before asserting his challenge pursuant to CPL § 245.40 [4][a].
This Court is guided by CPL § 245.50 (1) that "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances" and further, we are persuaded by the People's documented recurrent efforts to summon the outstanding materials that the prosecution exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery (see Bay at 211; CPL § 245.50 [1]). We deem the People's CoC, filed on November 13, 2024, and their SCoCs filed on November 25, 2024, and December 4, 2024, respectively, to be valid.
IV. The CPL § 30.30 Calculation
In the case at bar, the People's 30.30 calculation commenced on August 26, 2024, the day after defendant's arraignment. When the People filed their CoC on November 13, 2024, they declared their readiness for trial and stopped their speedy-trial clock. Accordingly, the People were ready for trial 79 days after arraignment, within the statutorily allotted time (see CPL § 30.30 (1) [*4][b]).

CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to CPL §§ 30.30 and 170.30 is DENIED; and further:
Defendant's application seeking the right to make further motions to the extent provided
by CPL § 255.20 (3) is GRANTED; and
Defense counsel is DIRECTED to certify discovery compliance within 30 days of the date of this Decision and Order pursuant to CPL§§ 245.20 (4) and 245.50 (2).
This constitutes the opinion, decision, and the order of the Court.
Dated: January 15, 2025
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.