People v Almonte (2025 NY Slip Op 50063(U))

[*1]

People v Almonte

2025 NY Slip Op 50063(U)

Decided on January 22, 2025

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 22, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Carlos Almonte, Defendant.

Docket No. CR-005067-24BX

For the People: Darcel D. Clark, District Attorney, Bronx County
(by: ADA Tyler Ames)
For the Defendant: The Bronx Defenders
(by: Bailey Jackson, Esq.)

Yadhira González-Taylor, J.

Defendant moves, inter alia, for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to Criminal Procedure Law ("CPL") §§ 30.30 (1) (b) and 170.30 (1) (e). Specifically, defendant contests the validity of the People's certificate of compliance ("CoC") due to the People's failure to comply with their disclosure obligations pursuant to CPL § 245.20 (1) prior to the expiration of their speedy trial time. The People oppose the motion.
Upon review and consideration of the submissions, court file and relevant legal authority, the court finds that the People's CoC, filed on May 22, 2024, was valid. Accordingly, the People's prosecution pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) was not untimely and defendant's motion is DENIED; and further:
DENIES defendant's request for a hearing on the underlying facts and conclusions of law; and
REFERS defendant's request for an order of preclusion pursuant to Sandoval/Ventimiglia to the trial court; and
REFERS for consideration by the trial court for the imposition of sanctions due to the People's belated disclosure of the single photograph used to identify defendant.
RELEVANT PROCEDURAL BACKGROUND
On February 24, 2024, defendant Carlos Almonte was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (2) (driving while intoxicated; per se) and 1192 (3) (driving while intoxicated), both misdemeanors, and 1192 (1) (driving while impaired) and 509 (1) (operating a motor vehicle without a license) both violations. On February 25, 2024, defendant was arraigned and released on his own recognizance; the People served Statement, Identification, Alibi, and the defense served Parker notices at the arraignment. At a court conference held on June 17, 2024, the People's CoC was deemed valid. On October 3, 2024, the date scheduled for hearings and trial, defense counsel advised the Court that she had not received the photograph used to identify defendant and, thus, counsel moved to [*2]preclude the photograph and the identifying witness, an EMT. 
The assigned ADA informed the Court that the photograph had been shared in late August or September after she was alerted to its existence during her trial preparation, however, during the appearance, she could not locate the photograph on OneDrive and she acknowledged that the People had not filed a supplemental CoC ("SCoC") when the photograph was first purportedly disclosed; later that day, the People filed their SCoC with a screenshot from a text exchange from "Aviles Fdny," marked "Read" on "2/24/24," which depicted a cropped image of defendant. 
The instant motion was filed on October 18, 2024, which the People opposed on November 23, 2024.[FN1]

DISCUSSION
I. Applicable Standard for CoC
The CoC Challenge
In People v Bay, the Court of Appeals addressed the issue of how trial courts can evaluate prosecutorial due diligence (see Bay, 41 NY3d 200 [2023]). The Bay Court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay at 211[emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
To oppose a motion to dismiss claiming that the prosecution's CoC is illusory due to the alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]). Consequently, courts must examine the prosecution's due diligence to determine the validity of the CoC and, importantly, whether the accusatory instrument should be dismissed as a consequence of any chargeable [*3]period of non-compliance which renders the prosecution untimely (see Bay at 214).
II. The Parties' Arguments
Defendant argues that the People did not exercise due diligence to ascertain the existence of the photograph used at the identification procedure prior to filing their CoC on May 22, 2024 (affirmation of defendant's counsel at 11). Additionally, defense counsel asserts that the photograph belatedly disclosed on October 3, 2024, is actually a screenshot depicting a cropped image of defendant's face purportedly exchanged between the EMT and the arresting officer (affirmation of defendant's counsel at 12). Defendant avers that even if the Court deems the photograph to have been shared prior to hearings, the People's failure to file a contemporaneous SCoC contravenes the Bay decision as well as this Court's holdings in People v Amissah, 79 Misc 3d 401 [Crim Ct, Bronx County 2023] and People v Henriquez, 80 Misc 3d 1220(A), 2023 NY Slip Op 51044(U) [Crim Ct, Bronx County 2023] (affirmation of defendant's counsel at 13-15). Defense counsel's reply brief reiterates defendant's arguments and, further, contends that possession of the belatedly disclosed photograph was imputed to the prosecution regardless of whether the assigned ADA first learned of the photograph during her trial preparation (reply affirmation of defendant's counsel at 8-9). 
The People maintain that complete compliance is not statutorily mandated (People's affirmation at A, ii). The People further assert that the standard enunciated by the Bay decision requires courts to assess due diligence by considering a non-exhaustive list, including volume of discovery, the efforts made by the prosecution to comply with disclosure requirements and the People's response when apprised of missing discovery (People's affirmation at A, iii). The assigned ADA asserts that the People had a good faith belief that all discovery had already been exchanged prior to their CoC filing and that after learning about the photograph during trial preparation, she expeditiously uploaded the photograph to the previously shared OneDrive folder but neglected to reshare that folder to defense counsel (People's affirmation at C). The prosecution submits that it does not intend to use the photograph nor litigate its admission at trial (People's affirmation at C). 
The People also aver that belated disclosure of the screenshot photograph did not prejudice the defense because it was merely a confirmatory photograph of the identification which was provided to counsel at defendant's arraignment (People's affirmation at D). Lastly, the People argue that defendant raised no objections to their CoC, failed to file his own CoC and failed to confer with the prosecution about the photograph prior to hearings (People's affirmation at E). 
III. The Court's Analysis
The Bay Court's admonishment to trial courts that "there is no rule of strict compliance" will not preemptively shield the prosecution's CoC from challenge where the record does not establish reasonable efforts to comply with CPL § 245.20 (1) (see Bay at 212). Also, "(a)n analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (see id. [internal citations omitted]). 
Belated disclosure
At bar, although the prosecution does not attempt to explain the failure to timely file an SCoC, the People have several explanations for their disclosure delay. The assigned ADA [*4]alternatively argues that the delay in disclosing the single photo identification was caused by her mistaken belief that all discovery had been disclosed to defendant prior to the People's CoC filing; that after trial preparation of the People's witness in August or September, the photograph was uploaded to a OneDrive folder but not reshared with defense counsel due to a technological error; and that the screenshot of defendant's cropped image was merely confirmatory of identification already provided at defendant's arraignment. Ultimately, the People assert that the photograph is of no import because the prosecution does not intend to introduce or litigate the admissibility of the photograph at trial. 
The People appear to want it three ways, to wit: the assigned ADA believed that her May 22, 2024 CoC enumerated disclosure of all mandated discovery, yet she was unaware of the single photograph until she prepared her witness for trial in late August or September- despite the People having served identification notice at defendant's arraignment. Moreover, the prosecution insists that the screenshot disclosed with the SCoC on October 3, 2024, was merely confirmatory of what had already been provided at the arraignment- despite defense counsel's assertion that no such photograph was disclosed. 
The record is ambiguous that defense counsel did not endeavor to confer with the People to follow-up for the identification noticed at the arraignment. Indeed, defense counsel admitted at the hearing on October 3, 2024, that no objections had been asserted when the People's CoC was declared valid on June 17, 2024. It is settled that the defendant cannot lay in wait anticipating that speedy trial time will accrue where his counsel is aware of a potential discovery issue (see People v Rondon, 82 Misc 3d 1209[A], 2024 NY Slip Op 50257[U], at *3 [Crim Ct, Bronx County 2023] citing CPL § 245.40 [4] [b]; see also Henriquez, 2023 NY Slip Op 51044 [U], *3 ["(d)efense counsel cannot strategically delay their CoC challenge in the hope that the People's speedy trial time will exhaust before their disclosures are supplemented, as such a course would undoubtedly contravene the Legislative intent which animates CPL § 245.40 (4) (b)]"). 
Criminal Procedure Law § 245.40 (4) (b) provides that "(t)o the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable" (see CPL § 245.40 [4] [b] [emphasis added]). Thus, defense counsel should have exercised due diligence to engage the assigned ADA concerning the photograph used to identify defendant well before the hearing date. 
Delayed SCoC
Although both the Amissah and Henriquez holdings addressed the consequence of an unexplained delay in filing an SCoC following the disclosure of supplemental materials, both cases are distinguishable from the instant matter where the People's dilatory filing was not made in willful disregard of a court order, nor in opposition to a motion (see Henriquez, 2023 NY Slip Op 51044, *4 ["However, the issue for the Court is whether the People could rectify their inadvertence by producing the correct paperwork [ ] in response to the instant motion"][emphasis added]; see Amissah at 407 ["Complying with the court's directive to provide additional Giglio disclosure and contemporaneously filing their second SCOC were not mutually exclusive acts"][emphasis added]). 
The record is devoid of any evidence that the assigned ADA disclosed the single photograph used to identify defendant prior to October 3, 2024, and the Court is cognizant that by claiming to have uploaded the photograph to OneDrive in August or September following her [*5]trial preparation, the assigned ADA is attempting to demonstrate diligence without proffering any evidence that the photograph was previously disclosed, and despite not filing a contemporaneous SCoC with the purported disclosure. Insofar as the belatedly disclosed single photograph was exchanged contemporaneously with the People's SCoC on October 3, 2024, their SCoC filing is not deemed untimely.
However, the Court recommends that the trial court consider the imposition of a sanction pursuant to CPL § 245.80 for the People's untimely disclosure because it is of no import that the assigned ADA states that the prosecution does not intend to introduce the photograph at trial, nor to litigate its admissibility.
The People's CoC Was Not Illusory
In accordance with the Bay decision, we find that the circumstances at bar argue against finding the CoC illusory for the following reasons. The prosecution has disclosed body-worn camera footage and memobook/activity logs for nine officers. The People have also diligently disclosed documentation pertaining to defendant's arrest including, Giglio materials, CCRB logs, arrest paperwork, photographs of the vehicle damage, calibration reports, gas chromatography reports, DOH permits, 911 files, prisoner movement and pedigree paperwork. 
Additionally, as stated herein, the People's due diligence must also be judged taking into consideration how responsive they were to defense counsel's entreaties for missing discovery; at bar, it is undisputable that the prosecution disclosed a screenshot photograph of defendant in response to what was initially defendant's motion to preclude the photograph and the testifying EMT at the omnibus hearings. 
Lastly, given defense counsel's failure to comply with their mandate to notify or alert the opposing party of potential deficiencies in the CoC as soon as practicable, we believe circumstances warrant the exercise of the Court's discretion pursuant to CPL § 245.35 (4) to uphold the validity of the People's CoC.
IV. The CPL § 30.30 Calculation
The People's 30.30 calculation commenced on February 26, 2024, the day following defendant's arraignment. When the People filed their CoC on May 22, 2024, they declared readiness for trial and stopped their speedy-trial clock. Accordingly, the People were ready for trial 86 days after arraignment, within the statutorily allotted time (see CPL § 30.30 (1) [b]). Additionally, although the prosecution did not adhere to the original motion schedule, the Court found the assigned ADA's explanation of miscalendaring the opposition due date to be credible and, thus, the motion schedule was amended. Consequently, this time is not chargeable against the People's speedy trial clock (see CPL § 30.30 (4) [a]).
CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) is DENIED; and further, the Court:
DENIES defendant's request for a hearing on the underlying facts and conclusions of law; and
REFERS defendant's request for an order of preclusion pursuant to Sandoval/Ventimiglia to the trial court; and
REFERS for consideration by the trial court for the imposition of sanctions due to the [*6]People's belated disclosure of the single photograph used to identify defendant.
This constitutes the opinion, decision, and the order of the Court.
Dated: January 22, 2025
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The People's opposition was due November 1, 2024. However, after the assigned ADA advised the Court that she had miscalendared the due date as December 1, 2024, the Court amended the motion schedule.