People v Todman (2025 NY Slip Op 50154(U))

[*1]

People v Todman

2025 NY Slip Op 50154(U)

Decided on February 11, 2025

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 11, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Lacoy Todman, Defendant.

Docket No. CR-007749-24BX

For the People
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Elizabeth K. Friedrich)
For the Defendant
Elana Silberman P.C.
(by: Elana Silberman, Esq.)

Yadhira González-Taylor, J.

Defendant moves for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to Criminal Procedure Law ("CPL") §§ 30.30 and 170.30 (1) (e). The People oppose the motion. Upon review and consideration of the submissions, court file and relevant legal authority, the court finds that the People's Certificate of Compliance ("CoC") was VALID and the prosecution pursuant to CPL §§ 30.30 and 170.30 (1) (e) was timely. Defendant's motion to dismiss is DENIED.
RELEVANT PROCEDURAL BACKGROUND
On March 31, 2024, defendant Lacoy Todman was arrested and arraigned for violating Vehicle and Traffic Law §§ 1212 (reckless driving), a misdemeanor; and 509 (1) (operating a vehicle without a license); 1192 (1) (driving while impaired) and 600 (1) (a) (leaving the scene of an incident without reporting), all violations. 
At the court appearance held on June 21, 2024, the court noted that defense counsel had no objections to the People's CoC, filed and served on May 31, 2024. On July 23, 2024, the court noted that defense counsel Silberman was newly assigned. Omnibus hearings were initially scheduled for October 16, 2024; however, the People advised that their witness was denied leave. The court noted that both sides had declared their readiness and hearings were rescheduled to October 30, 2024, but on October 29, 2024, the assigned ADA contacted chambers of the presiding trial part, Hon. E. Deronn Bowen, to request a short adjournment due to a personal matter and the docket was administratively adjourned to November 7, 2024, on consent. However, the prosecution was not ready for the scheduled hearings which were adjourned to November 15, 2024, with one day chargeable to the People. Although the People's witness was subpoenaed to appear for hearings, his supervisor would not permit a schedule override, nor was their civilian witness available so hearings were adjourned to November 21, 2024.
However, on the rescheduled hearing date, the court noted that defense counsel had filed the instant 30.30 motion on November 17, 2024, which the People opposed on January 7, 2025. Defense counsel filed a reply brief on January 10, 2025.
DISCUSSION
I. Applicable Standard for CoC
The CPL § 30.30 Challenge
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30, a defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within ninety days (see CPL § 30.30 [1] [b]); see People v Luperon, 85 NY2d 71, 77-78 [1995]). Generally, a criminal action is commenced by the filing of an accusatory instrument against a defendant, and it is settled law that the date on which the action is commenced is excluded from the CPL § 30.30 computation (see CPL § 1.20 [17]; People v Stiles, 7 NY2d 765, 767 [1987]).
Additionally, the People must now satisfy their statutory obligation pursuant to CPL § 245.50 (3), which provides that "the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate pursuant to subdivision one of this section" (see People v Kendzia, 64 NY2d 331, 337 [1985]).
II. The Parties' Arguments
Defendant argues that 113 days are chargeable to the prosecution, more than their statutorily allotted time (affirmation of defendant's counsel at 5). Specifically, defense counsel claims that the People should be deemed to have exceeded their speedy trial time if they are charged 14 days for failing to timely respond to defendant's omnibus motion (affirmation of defendant's counsel at 5)[FN1]
. Next, defense counsel contends the People should be charged eight (8) days because "for unknown reasons," the docket was not called on October 30, 2024, and the matter adjourned to November 7, 2024 (affirmation of defendant's counsel at 6). Defendant posits that the People should also be charged with eight (8) days for their witnesses' unavailability from November 15 to November 21, 2024 (affirmation of defendant's counsel at 6). Lastly, defendant's reply brief further argues that there were no exceptional circumstances which should have excused the prosecution's police officer witness on the scheduled hearing date [*2]of October 16, 2024, pursuant to CPL § 30.30 (4) (g) and, thus, the People should be charged with the 14-day delay until October 30, 2024, the first rescheduled hearing date (reply affirmation of defendant's counsel at 5). 
The People calculate that 70 days are chargeable to the prosecution's speedy trial clock (People's affirmation at A). The assigned ADA does not address defendant's claim that the People were delinquent in answering his omnibus motion (id.). However, the assigned ADA avers that the People declared their readiness for hearings on October 16, 2024, and although they advised the court that their officer was unavailable, their complainant was notified to appear and, thus, the adjournment to October 30, 2024, should not be charged (id). Next, the assigned ADA maintains that although she contacted the court in advance of the rescheduled hearing date to advise that she needed a short adjournment, which was granted to November 7, 2024, the People were nonetheless ready for hearings because their witness was notified (id.). Lastly, the People argue that because of the adjournment occasioned by their police officer and complainant's unavailability, due to staff shortages and hospitalization, respectfully, the court charged seven (7) not eight (8) days from November 15, 2024 to November 21, 2024 (id.).
III. The Court's Analysis
There are no allegations at bar that the People's CoC should be deemed illusory because of any discovery deficiency and, indeed, defense counsel did not assert any CoC challenge at the June 21, 2024, appearance. Consequently, there is no basis to find that the People have not fully complied with their statutory obligation pursuant to CPL § 245.50 (3) and, thus, their CoC is deemed valid (see Kendzia at 337).
As to the four disputed period time periods, the Court initially finds that the defense counsel's argument that the prosecution should be charged with 14 days due to their purported delay in answering defendant's omnibus motion to be meritless. The record demonstrates that midway through the first motion schedule, defense counsel was relieved, and Attorney Silberman assigned. Moreover, the assigned ADA endeavored to request a new motion schedule when she advised the court that there was a possible disposition being discussed but was advised that the parties should continue their conferral before the court would entertain the application. The court finds that the assigned ADA acted diligently to ascertain whether newly assigned defense counsel would adopt the prior omnibus motion and to propose another motion schedule pending a possible resolution of the docket. This time is properly excluded pursuant to CPL § 30.30 (4) (a).
Similarly, the period from October 16, 2024, to October 30, 2024, is not chargeable to the prosecution. Defendant argues that the People have failed to proffer an exceptional circumstance that would have excused their police officer's appearance at the first scheduled hearing date. However, the court record notes that Hon. Matthew Bondy found that both sides were ready, and the transcript of that appearance indicates that the covering ADA informed the court that although the police officer's appearance was not approved by his supervisor, the People's civilian witness was available to proceed (October 16, 2024 Transcript at 3). The court adjourned the matter for hearings on October 30, 2024, a mutually convenient date. This time is properly excluded pursuant to CPL § 30.30 (4) (a).
Contrary to defense counsel's assertion that the docket was adjourned from October 30, 2024, to November 7, 2024, for unknown reasons, the record at bar demonstrates that the assigned ADA contacted the chambers of the presiding part judge to request an adjournment due [*3]to a personal matter. Even though the People maintain that they were ready because their witness was ready, the Court finds that these eight days are properly charged to the prosecution.
The final disputed period, from November 15, 2024, to November 21, 2024, results from the parties' miscalculation of the number of days, which are neither eight nor seven but six. 
IV. The CPL § 30.30 Calculation
The People's 30.30 calculation commenced on April 1, 2024, the day following defendant's arraignment. When the People filed their CoC on May 31, 2024, they declared readiness for trial and stopped their speedy-trial clock (April 1, 2024 — May 31, 2024 = 60 days). The prosecution is properly charged for the adjournment requested by the assigned ADA due to a personal matter which prevented her from proceeding with the rescheduled hearing (October 30, 2024 - November 7, 2024 = 8 days). On November 7, 2024, the People declared that they would not be ready for hearings until the following day, Hon. Anna Mikhaleva charged the prosecution one (1) day and adjourned the docket to November 15, 2024 (November 7, 2024 — November 8, 2024 = one (1) day). On November 15, 2024, hearings were adjourned to November 21, 2024, because the People's witnesses were both unavailable (November 15, 2024 — November 21, 2024 = 6 days).
Accordingly, the People were ready for trial 75 days after arraignment, within their statutorily allotted time (see CPL § 30.30 [1] [b]).
CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the misdemeanor charges on statutory speedy trial grounds pursuant to CPL §§ 30.30 and 170.30 (1) (e) is DENIED and, further, defendant's application seeking the right to make further motions to the extent provided by CPL § 255.20 (3) is GRANTED.
This constitutes the opinion, decision, and the order of the Court.
Dated: February 11, 2025
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:The People's opposition to defendant's omnibus motion was initially due by August 2, 2024, with a Decision date of August 8, 2024. However, the docket was advanced to July 23, 2024, so that The Bronx Defenders could be relieved as counsel and Attorney Silberman assigned, and the matter again adjourned to August 8, 2024. The court notes from that appearance indicate that newly assigned defense counsel was directed to reach out to Hon. Matthew Grieco about the omnibus motion schedule already in place. On July 25, 2024, in an email to the presiding part judge, the assigned ADA advised the court and defense counsel that she was prepared to discuss possible disposition of the matter, but she also requested a new motion schedule; however, the court contemporaneously advised the parties that before an application for a new motion schedule would be considered they should first confer about the possible disposition. On August 12, 2024, the assigned ADA contacted chambers of the presiding part judge, Hon. Christopher Chin, to explain that she was unsure if defense counsel would submit a new omnibus motion and, after, confirming that defendant would not, she requested an extension of time to respond by August 30, 2024, which was granted.